2009 OK 23

### STATE of OKLAHOMA, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### Kenneth Lloyd MORGAN, Respondent.

### SCBD No. 5449.

Supreme Court of Oklahoma.

April 14, 2009.

### ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 This case was initiated in September 2008, by letter to the Chief Justice from the General Counsel's Office of Complainant, the Oklahoma Bar Association, pursuant to Rule 7 (Summary Disciplinary Proceedings Before Supreme Court), Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A,

---

as amended, against Respondent, Kenneth Lloyd Morgan, a licensed attorney in the State of Oklahoma. Pursuant to Rule 8 (Resignation Pending Disciplinary Proceedings), Rules Governing Disciplinary Proceedings, Respondent submitted an affidavit filed February 19, 2009, seeking to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law pending disciplinary proceedings. On the same date Complainant filed an application to this Court for an order approving the resignation of Respondent. Upon consideration of the matter we find:

1. Respondent executed an affidavit on February 18, 2009, wherein he asks to be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Although he is aware his resignation is subject to the approval of this Court within its discretion, he intends it to be effective from the date of its execution and represents he will conduct his affairs accordingly.

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation.

3. Respondent is aware that a grievance was lodged against him and is pending with the Office of the General Counsel of the Oklahoma Bar Association. The grievance alleges that the General Counsel's Office received notice that Respondent was charged in Tulsa County District Court Case No. CF–2008–1108, with a felony count (Count 1) of manslaughter in the first degree-automobile, in violation of 21 O.S. 711 and a misdemeanor count (Count 2) of driving under the influence-personal injury accident-first offense, in violation of 47 O.S. 11–904 (A)(1).

4. The charges in Tulsa County District Court Case No. CF–2008–1108, stemmed from occurrences on December 22, 2007, when Respondent was drag racing another vehicle on a public road while under the influence of alcohol. The Information in the criminal case sets out that the driver of the other vehicle swerved into Respondent's lane, Respondent lost control of his vehicle and it struck a third vehicle. As a result of the collision a passenger in Respondent's car was killed and two other people were injured.

5. An Order of Deferred Sentence as to the felony charge and a Judgment and Sentence as to the misdemeanor charge were filed in the criminal case on August 13, 2008. The Order of Deferred Sentence shows Respondent pled nolo contendere to the manslaughter charge and he received a five year deferred sentence under the supervision of the Oklahoma Department of Corrections probation and parole division. The Judgment and Sentence as to the driving under the influence charge shows he pled nolo contendere thereto and received a one year suspended sentence to run concurrent with the felony deferred sentence, also under the supervision of the Oklahoma Department of Corrections probation and parole division.

6. On November 10, 2008, this Court entered an Order of Interim Suspension, suspending Respondent from the practice of law, after concluding the above criminal charges, resulting in a five year deferred sentence on the felony charge, and conviction and a one year suspended sentence on the misdemeanor charge, facially demonstrated Respondent's then current unfitness to practice law. The November 10th Order of Interim Suspension, in accordance with Rule 7.4 of the Rules Governing Disciplinary Proceedings, required Respondent to inform the Court whether a hearing was desired by him in the matter as provided for in Rule 7.4 and that if a hearing was requested that the Court would, by further Order, provide an opportunity for such a hearing before a Professional Responsibility Tribunal

7. On November 19, 2008 Respondent filed a Request for Stay of Suspension and for Hearing on the Merits with Respect to Discipline.

8. On December 2, 2008, Respondent filed an Affidavit in this case in conformity with Rule 9.1, Rules Governing Disciplinary Proceedings, wherein he swore under oath that he notified his clients by certified mail of his interim suspension and advised

them to immediately retain other legal counsel to protect their rights. Attached to the Affidavit was a list of Respondent's clients, as well as a list of the jurisdictions where he was admitted to practice law.

9. On January 26, 2009, this Court entered an Order denying Respondent's Request for Stay of Suspension and referred the case to a Professional Responsibility Tribunal for a hearing to allow Respondent an opportunity to present evidence tending to mitigate the discipline to be imposed. The scope of inquiry at the hearing was limited to matters bearing on mitigation of the bar discipline to be imposed and *all other issues,* including Respondent's guilt or innocence and the degree of his culpability for the criminal offenses in question, were not within the permissible range of inquiry. The January 26th Order allowed Complainant the opportunity to appropriately respond to any evidence offered by Respondent and to adduce proof at the hearing on the proper discipline that should be imposed.

10. The above mitigation hearing was set before a Professional Responsibility Tribunal for February 25, 2009, but was stricken by that Tribunal in view of the filing of Respondent's affidavit seeking to resign his Oklahoma Bar Association membership and Complainant's application to approve his resignation. In his affidavit, Respondent expressly and unequivocally waives his right to said hearing and to any further proceedings, and he requested the hearing be stricken based on his desire to resign pending disciplinary proceedings.

11. Respondent is aware that the conduct he engaged in resulting in the above-delineated criminal case against him, for which he received a five year deferred sentence (felony charge) and a one year suspended sentence (misdemeanor charge), constitute violations of Rule 1.3 of the Rules Governing Disciplinary Proceedings and Rule 8.4(b) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A.

12. Respondent's Oklahoma Bar Association Number is 19181 and his official roster address is: 2 W. 6th St., Ste. 500, Tulsa, OK 74119. Respondent's Oklahoma Bar Association card has been returned to the Office of the General Counsel of the Oklahoma Bar Association.

13. Respondent has familiarized himself with the provisions of Rule 9.1, Rules Governing Disciplinary Proceedings and has agreed to comply with the provisions of such Rule.

14. Respondent acknowledges and agrees he may be reinstated to practice law only upon full compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings and that pursuant to Rule 8.2, Rules Governing Disciplinary Proceedings, he may make no application for reinstatement to the practice of law prior to the expiration of five years from the effective date of the Order approving his resignation pending disciplinary proceedings.

15. Respondent acknowledges and agrees he is to cooperate with the Office of the General Counsel in providing his current contact information and identifying any active cases wherein client documents and files need to be returned to the client or forwarded to new counsel, and as to any fees or funds owed by him to clients and the amount owed.

16. Respondent acknowledges that as a result of his conduct, the Client Security Fund may receive claims from his former clients, that the Oklahoma Bar Association will attempt to contact him or his attorney for a response, and that the Client Security Fund Committee may recommend payment be made to the claimant from the Client Security Fund. Respondent agrees, that should the Oklahoma Bar Association approve and pay such claims, he will reimburse the Client Security Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

17. Respondent acknowledges that the Oklahoma Bar Association has incurred costs in this matter in the amount of $90.00. Respondent shall be responsible for payment of these costs to the Oklahoma Bar Association within ninety (90) days from the date of this Order.

18. The resignation pending disciplinary proceedings of Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings.

19. Respondent's resignation should be approved and be effective from November 10, 2008, the date of this Court's Order of Interim Suspension.

¶ 2 **IT IS ORDERED** that Complainant's application for an Order approving the resignation of Respondent, Kenneth Lloyd Morgan, is granted and Respondents' resignation is accepted and approved, and his right to practice law is relinquished.

¶ 3 **IT IS FURTHER ORDERED** that the effective date of his resignation shall be November 10, 2008.

¶ 4 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he may not apply for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the date of November 10, 2008.

¶ 5 **IT IS FURTHER ORDERED** that Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings.

¶ 6 **IT IS FURTHER ORDERED** that Respondent shall pay costs in the amount of $90.00 to the Oklahoma Bar Association within ninety (90) days of the date of this Order.

¶ 7 **DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS *13th* DAY OF APRIL, 2009.**

/s/ James E. Edmondson
CHIEF JUSTICE

¶ 8 EDMONDSON, C.J., TAYLOR, V.C.J., OPALA, KAUGER, WATT, WINCHESTER, COLBERT and REIF, JJ., concur.

¶ 9 HARGRAVE, J., disqualified.