OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF MORGAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF MORGAN
2014 OK 110
Case Number: SCBD-6089
Decided: 12/16/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 110, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF KENNETH LLOYD MORGAN TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

PETITION FOR REINSTATEMENT

¶0 Petitioner Kenneth Lloyd Morgan filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Oklahoma Bar Association does not oppose his reinstatement. The Trial Panel of the Professional Responsibility Tribunal unanimously recommended reinstatement. After our de novo review, we find the Petitioner should be reinstated.

PETITION FOR REINSTATEMENT IS GRANTED; 
PETITIONER IS ORDERED TO PAY COSTS

Allen M. Smallwood, Tulsa, Oklahoma, for Petitioner.
Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

COMBS, J.

¶1 This case was commenced by the Petitioner, Kenneth Lloyd Morgan ("Morgan"), for reinstatement to membership in the Oklahoma Bar Association ("OBA"), following his resignation pending disciplinary proceedings. Rule 11, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S. 2011, Ch. 1, App. 1-A.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 On December 22, 2007, Morgan and his best friend and law partner, Andre Carolina, were having a few drinks after work. At one point in the evening the two decided to go to a different location. Morgan drove. The record indicates Morgan engaged in drag racing with another vehicle. It is alleged the other vehicle swerved into Morgan's lane causing him to swerve into oncoming traffic. A wreck ensued, injuring Morgan, some occupants of the oncoming vehicle and fatally wounding Mr. Carolina. The record reflects Morgan's blood alcohol level was right at the threshold of .08.[1]

¶3 On August 11, 2008, Morgan pled nolo contendere to a felony count of manslaughter in the first degree-automobile (21 O.S. § 711) and a misdemeanor count of driving under the influence-personal injury accident-first offense (47 O.S. § 11-904 (A) (1)).[2] Morgan received a 5 year deferred sentence on the felony charge and a one year suspended sentence on the misdemeanor charge.

¶4 In September 2008, a summary disciplinary grievance was lodged by the General Counsel's Office of the OBA against Morgan pursuant to Rule 7, RGDP.[3] On November 10, 2008, this Court entered an Order of Interim Suspension (Case No. SCBD 5449). Morgan requested a stay of suspension which was denied by this Court. A hearing was set before the Professional Responsibility Tribunal. On February 19, 2009, and prior to the hearing, Morgan filed an affidavit seeking to resign his membership in the OBA. The OBA filed an application for an order approving Morgan's resignation. This Court granted the request and issued an order on April 14, 2009,[4] setting the effective date of Morgan's resignation at November 10, 2008. This Court's April 14, 2009, Order prohibited Morgan from applying for reinstatement prior to the expiration of five years from November 10, 2008.[5] It further required him to comply with Rule 9.1,[6] RGDP and to pay costs in the amount of $90.00 to the OBA within ninety days of the Order.

¶5 Morgan filed his Petition for Reinstatement on December 9, 2013, five years and one month from the date of his resignation. A hearing was held before the Trial Panel of the Professional Responsibility Tribunal on March 6, 2014. In addition to Morgan, eleven other persons testified before the Trial Panel. They included partners of the law firm where Morgan works as a legal assistant, the prosecutor on Morgan's criminal case, other members of the Bar, a judge, the OBA Investigator and Mrs. Carolina, the widow of Andre Carolina. All provided testimony which favored Morgan's reinstatement. The Report of the Trial Panel was filed on May 12, 2014. By unanimous vote, the Trial Panel found Morgan should be reinstated to the OBA upon completion of any continuing legal education requirements and payment of costs. Morgan filed his Brief in Chief on May 27, 2014, and the General Counsel for the OBA filed a Waiver of Answer Brief on May 29, 2014.

STANDARD OF REVIEW

¶6 It is the nondelegable responsibility of this Court to regulate the practice, ethics, licensure, and discipline of practitioners of the law in this state. In the Matter of the Reinstatement of Munson, 2010 OK 27, ¶11, 236 P.3d 96, 100. We consider a petition for reinstatement by a de novo standard of review. In the Matter of the Reinstatement of Otis, 2007 OK 82, ¶7, 175 P.3d 357, 361. The applicant for reinstatement bears the heavy burden of showing, by clear and convincing evidence, that reinstatement is warranted. In the Matter of the Reinstatement of Blevins, 2002 OK 78, ¶4, 59 P.3d 510, 511. In our determination whether to grant reinstatement we will consider the applicant's compliance with any relevant orders or opinions of this Court in the disciplinary matter as well as compliance with Rule 11, RGDP. We give the Trial Panel's recommendations considerable weight, but this Court is not bound by them. In Matter of Reinstatement of Pacenza, 2009 OK 9, ¶7, 204 P.3d 58, 61. This Court has also adopted other factors to consider. Each reinstatement decision is determined on a case-by-case basis, carefully weighing all factors. Munson, 2010 OK 27, ¶13.

I. PAST ORDERS OF THIS COURT

¶7 Our April 14, 2009, Order in State ex rel. Oklahoma Bar Association v. Morgan, 2009 OK 23, 213 P.3d 559 (SCBD 5449), prohibited Morgan from applying for reinstatement prior to the expiration of five years from November 10, 2008. The Order also required him to comply with Rule 9.1, RGDP and to pay costs in the amount of $90.00 to the OBA within ninety days of the Order. As mentioned, Morgan filed his petition after five years from the effective date of his resignation. Rule 9.1, RGDP requires a lawyer who resigns membership pending disciplinary proceedings to notify all of the lawyer's clients having legal business then pending within 20 days of the inability of the lawyer to represent his or her clients and the necessity to seek other counsel. The lawyer is also required to file an affidavit that he or she has complied with the rule. Substantial compliance is a requisite for reinstatement. The record in SCBD 5449 shows Morgan filed his Rule 9.1 affidavit on December 2, 2008, after his interim suspension on November 10, 2008. We find Morgan substantially complied with Rule 9.1, RGDP as ordered. The record also reflects Morgan paid $90.00 to the OBA for costs related to his SCBD 5449 case as required by this Court.

II. RULE 11 OF THE RULES GOVERNING DISCIPLINARY PROCEEDINGS

¶7 Rules 11.1, 11.4 and 11.5, RGDP, 5 O.S. 2011, Ch. 1, App. 1-A, provide specific requirements for reinstatement.

A. Rule 11.1, RGDP

¶8 Rule 11.1, RGDP requires an applicant for reinstatement to attach to the petition an affidavit concerning the applicant's activities since termination and place(s) of residence since that date. The affidavit shall also establish the applicant has not practiced law since termination and he or she shall attach an affidavit of the court clerks of the several counties where the applicant resided during termination establishing the applicant has not practiced law in their respective courts. Additionally, the applicant must reimburse any monies paid out of the Client's Security Fund, pay a fee to cover the expenses of an investigation and the cost of an original and one copy of a transcript of the hearing in connection with his or her application, if one is held. The applicant is also prohibited from petitioning for reinstatement prior to the elapsing of 5 years from the date of resignation pending disciplinary proceedings.

¶9 The record reflects Morgan attached an affidavit to his Petition for Reinstatement which substantially complied with Rule 11.1, RGDP. He provided detailed information concerning his residences and activities since his resignation, which included working as a legal assistant. His affidavit did not specifically state he had not practiced law since his resignation, however, he provided the required court clerk's affidavit showing he had not practiced law in the county where he resided. Testimony during the March 6, 2014, hearing established he had not practiced law since his resignation and he had vigilantly taken steps to inform people he was not an attorney. The record also reflects no money was paid out of the Client's Security Fund therefore there was nothing for Morgan to reimburse. As previously shown, Morgan waited over 5 years to apply for reinstatement and the payment of the costs of the investigation and transcript will be made part of this opinion.

B. Rule 11.4, RGDP

¶10 Rule 11.4, RGDP requires an applicant for reinstatement to affirmatively establish, by clear and convincing evidence, that if readmitted the applicant's conduct will conform to the high standards of a member of the Bar. The applicant must also provide stronger proof of his or her qualifications than one seeking admission for the first time. The severity of the offense and the circumstances surrounding it will also be taken into consideration, as well as, whether restitution, if applicable, was made to an injured party. Additionally, the Trial Panel must be satisfied the applicant complied with Rule 9.1, RGDP.

¶11 The Trial Panel unanimously found Morgan should be reinstated. Specifically, it found Morgan established by clear and convincing evidence he possessed good moral character sufficient to entitle him to be admitted to the OBA. This decision having come after its consideration of the severity and circumstances surrounding the offense shows the impact the evidence and testimony made on the Trial Panel. Testimony presented showed how remorseful Morgan was for the death of his friend and partner, Andre Carolina. After release from the hospital Morgan immediately went to Andre's widow who forgave him for the incident. The testimony shows Morgan has tried to look after and help the Carolina family and continues to financially help Andre's young daughter. He has kept in contact with the family members who also look after him when he frequently becomes depressed about the loss of Andre. Morgan and others testified he has refused to drink since the accident. After the accident, Morgan has many times voluntarily participated in speaking for the Victims Impact Panel. Testimony reflects he has done this since September 2008 and will whole heartedly continue to do so. Also, since September 2008, he has spoken on behalf of the Tulsa County Crash Court Program which holds sessions at high schools. Additionally, he has attended counseling sessions through Lawyers Helping Lawyers.

¶12 The Trial Panel found Morgan had not practiced law since his resignation. Although the Report of the Trial Panel did not make a specific finding concerning Morgan's qualifications, it determined Morgan had complied with "Rules 11, 1-11.4."[7] The evidence and testimony reflects the extent of Morgan's qualifications. Since 2009, Morgan has been a legal assistant for the law firm of Carpenter, Stanley and Myers, now Stanley and Myers. His work there involves legal research and general paralegal duties. Mark Stanley, of Stanley and Myers, testified if Morgan is reinstated he will hire him as an attorney for his firm. Patrick Adams, a member of the Bar, also testified that Morgan has "more legal competence than a lot of lawyers" he knew. Morgan's affidavit also reflects the extent of his efforts to keep abreast of current legal matters. In addition to his work at Stanley and Myers, since his resignation he has taken many hours of continuing legal education courses and has read the bar journal.

¶13 In the August 11, 2008, Order of Deferred Sentence, a restitution hearing was set for February 9, 2009. However, the restitution hearing was not held. Testimony reflects that all those who had a right to restitution payments had been made whole outside of the criminal process.

¶14 As mentioned previously, the record reflects Morgan complied with Rule 9.1, RGDP. In addition, testimony showed not only did Morgan handle his own client matters but he diligently made sure Andre's clients found new representation.

C. Rule 11.5, RGDP

¶15 Rule 11.5, RGDP, requires the Trial Panel to make specific findings concerning the applicant's moral character, whether the applicant practiced law after resignation, and whether the applicant possesses the competency and learning for admission to practice law. In addition, if the applicant had been suspended or terminated from the practice of law for 5 years or longer, he or she will be required to pass the regular examination of the Board of Bar Examiners unless the applicant can show by clear and convincing evidence he or she has maintained competency.

¶16 The report of the Trial Panel made a specific finding that Morgan possessed good moral character sufficient to be admitted to the OBA. The Trial Panel also specifically found Morgan had not engaged in the practice of law since his resignation. Again, although the report did not make a specific finding as to Morgan's qualifications to practice law, the Trial Panel recommended his reinstatement.[8] Further, the Trial Panel did not make a finding that it was necessary for Morgan to again take and pass the bar examination. The record supports Morgan has kept himself informed as to current developments in the law sufficient to maintain his competency.

¶17 It appears from the record Morgan has complied with the requirements of Rule 11, RGDP.

III. OTHER FACTORS

¶18 We have additionally adopted consideration of the following factors when reviewing a petition for reinstatement: 1) the applicant's present moral fitness; 2) demonstrated consciousness of the conduct's wrongfulness and the disrepute it has brought upon the legal profession; 3) the extent of rehabilitation; 4) the original misconduct's seriousness; 5) conduct after resignation; 6) time elapsed since the resignation; 7) the applicant's character, maturity, and experience when suspended; and 8) the applicant's present legal competence. In the Matter of the Reinstatement of Munson, 2010 OK 27, ¶13, 236 P.3d 96, 101.

¶19 Ms. Carolina testified she believed Morgan was one of the most loyal and trustworthy people she knew and it was her desire for him to be reinstated to practice law. She testified Morgan was always there for her family and she did not foresee that this would change. Steve Kunzweiler, the prosecutor on Morgan's criminal case, also testified that Morgan demonstrated the requisite moral fitness to be an attorney. Since his resignation Morgan has repeatedly volunteered with the Victims Impact Panel and other organizations to help prevent others from drinking and driving. He has completely refrained from drinking and has sought counseling. In his testimony Morgan expressed his understanding of the seriousness of his crime and the disrepute it has brought upon the legal profession. He has also continued to keep abreast of current legal matters through his work, reading the bar journal and continuing legal education courses. Morgan further exhibited maturity in not only how he handled his case load after his suspension but how he took care of Andre's case load to ensure Andre's clients would have representation.

¶20 There has been no negative testimony or evidence presented against Morgan's reinstatement. Although the crime was extremely serious, the record reflects it was a one-time incident made without malice and did not involve clients. Additionally, there is no evidence of Morgan having any previous disciplinary infractions. We find Morgan has satisfied our inquiry into the other factors we consider on a petition for reinstatement.

APPLICATION FOR COSTS

¶21 The OBA filed an Application to Assess Costs in the prosecution of this matter pursuant to Rule 11.1 (c), RGDP in the amount of $1,229.66. The application is granted.

CONCLUSION

¶22 Based on our review of this matter, we find the record shows by clear and convincing evidence Kenneth Lloyd Morgan has met the prerequisites for reinstatement. Kenneth Lloyd Morgan is hereby reinstated to membership in the Oklahoma Bar Association and his name shall be placed on the Roll of Attorneys licensed to practice law in the State of Oklahoma. He shall further pay to the OBA the amount of $1,229.66 for costs incurred in the prosecution of this case within ninety (90) days from the date of this opinion. In addition, because this opinion was decided so late in the calendar year, Morgan shall not be required to pay bar dues for 2014 or be required to take further CLE for 2014.

PETITION FOR REINSTATEMENT IS GRANTED;
PETITIONER IS ORDERED TO PAY COSTS

¶23 COLBERT, C.J., REIF, V.C.J, KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS and GURICH, JJ., concur.

¶24 TAYLOR, J., dissents.

FOOTNOTES

[1] The record does not include police reports, however, it contains a June 4, 2008, Substance Abuse Assessment report wherein Morgan claimed he had a BAC of .08. The record does not contradict this statement.

[2] Case No. CF-2008-1108, Tulsa County District Court, Tulsa, Oklahoma.

[3] Rule 7.4, RGDP, provides:

If the conviction becomes final without appeal, the General Counsel of the Oklahoma Bar Association shall inform the Chief Justice and the Court shall order the lawyer, within such time as the Court shall fix in the order, to show cause in writing why a final order of discipline should not be made. The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the discipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting his recommendation of discipline.

[4] State ex rel. Oklahoma Bar Ass'n v. Morgan, 2009 OK 23, 213 P.3d 559.

[5] Rule 11.1 (e), RGDP, provides:

(e) The applicant shall not be permitted to file an application for reinstatement, after disbarment or resignation pending investigation or disciplinary proceedings, within five (5) years of the effective date of the order of the Court disbarring the applicant or accepting the resignation, nor shall any applicant be permitted to file an application for reinstatement within one (1) year after the Supreme Court has denied an earlier application.

[6] Rule 9.1, RGDP, provides:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

[7] See infra n.8.

[8] The Trial Panel's Report found Morgan convinced the Trial Panel by clear and convincing evidence that he has complied with "Rules 11, 1-11.4" RGDP. One of the requirements under Rule 11.4, RGDP, is for the applicant to provide stronger proof of his or her qualifications than one seeking admission to the OBA for the first time. However, Rule 11.5, RGDP, requires the Trial Panel to make a specific finding on "[w]hether or not the applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, . . ." We remind the Trial Panel of the need to make this specific finding on competency and learning in any future reports.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 78, 59 P.3d 510, IN THE MATTER OF THE REINSTATEMENT OF BLEVINS
Discussed
 2007 OK 82, 175 P.3d 357, IN THE MATTER OF THE REINSTATEMENT OF OTIS
Discussed
 2009 OK 9, 204 P.3d 58, IN THE MATTER OF REINSTATEMENT OF PACENZA
Discussed
 2009 OK 23, 213 P.3d 559, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MORGAN
Discussed at Length
 2010 OK 27, 236 P.3d 96, IN THE MATTER OF THE REINSTATEMENT OF MUNSON
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 711, First Degree Manslaughter
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-904, Personal Injury Accidents - Charging with Violation of Provisions
Cited