**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James B. BLEVINS, Jr., Respondent.**

**SCBD No. 4226.**

Supreme Court of Oklahoma.

Jan. 22, 1997.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, James B. Blevins, Jr. (Blevins/attorney), pending disciplinary proceedings, THE COURT FINDS:

1) On December 12, 1996, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

3) The respondent states in his affidavit of resignation that he is aware of a grievance filed against him with the Office of the General Counsel of the Bar Association. The grievance alleges that the respondent was ordered to pay court costs of $210.00 after pleading no contest to a felony charge of attempting to obtain money by false pretenses. Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A; Rule 8.4, Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A.

4) The respondent waives any and all right to contest the allegations outlined in the affidavit.

5) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

6) The official roster address of the respondent as shown by the Bar Association records is: 5609 N. Barnes Ave., Oklahoma City, Oklahoma 73112.

7) No costs have been incurred by the Bar Association in the investigation of this matter.

8) The respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of James B. Blevins., Jr. pending disciplinary proceedings be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of James B. Blevins, Jr., be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21st DAY OF JANUARY, 1997.

/s/ Yvonne Kauger
CHIEF JUSTICE

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, WILSON and WATT, JJ., concur.