2000 OK 29

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Brian Edward DUKE, Respondent.

No. SCBD–4503.

Supreme Court of Oklahoma.

April 11, 2000.

¶ 0 ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.

¶ 1 This matter is before the Court pursuant to Rules 8.1 and 8.2, Rules Governing Disciplinary Proceedings, *5 O.S.1991, ch. 1, app. 1–A* (RGDP), for consideration of the complainant's, Oklahoma Bar Association (OBA), application for an order approving respondent's, Brian Edward Duke (respondent), resignation from OBA membership pending disciplinary proceedings. Upon consideration of OBA's application and the respondent's affidavit, we find:

1. Respondent executed his affidavit tendering his resignation as a member of the OBA pending disciplinary proceedings on January 19, 2000.

2. Respondent's resignation was freely and voluntarily tendered and respondent was not subject to coercion or duress.

3. Respondent's resignation was executed in conformity with Rule 8.1, RGDP, and respondent is fully aware of the consequences of submitting his resignation.

4. Respondent was aware that a formal Complaint was filed with this Court on December 3, 1999, alleging in Count I that respondent misappropriated funds from a probate estate in violation of Rules 1.15

and 8.4(c), Oklahoma Rules of Professional Conduct, *5 O.S. ch. 1, app.3-A.* (ORPC), and Rule 1.4(b), RGDP; Count II that respondent refused to account for the funds misappropriated from a probate estate in violation of Rule 8.1(b), ORPC, and Rule 5.2, RGDP; Counts III and IV that respondent neglected client matters and failed to keep the clients informed in violation of Rules 1.1, 1.2, 1.3, 1.4, 3.2 and 1.115(b), ORPC; Count V that respondent represented clients in the Bankruptcy Court without being admitted to practice in that court and neglected client matters and failed to keep the clients informed in violation of Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16(d), 3.2, and 5.5(a) ORPC; Count VI that opposing counsel did not receive pleadings for which respondent filed certificates of mailing in violation of.Rules 1.1, 1.3, 3.1,3.2, 3.3(a)(1), 3.4(c), 8.4(c) and 8.4(d), ORPC; Count VII that respondent represented clients in the United States District Court for the Northern District of Oklahoma without being admitted to practice in that court in violation of··Rules 5.5(a), 8.4(c) and 8.4(d), ORPC; Counts VIII and IX that respondent moved his office and failed to inform his clients in violation of Rules 1.1, 1.2, 1.3, 1.4, 1.115(b), 1.116(a)(5), 3.2 and 8.4(c), ORPC.

5. Respondent was aware that the OBA has the burden of proof regarding the allegations set forth in the formal Complaint, but that he waived any and all right to contest the Complaint.

6. Respondent was aware that, if proven, the conduct alleged in the Complaint would constitute violations of Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.15, 1.115(b), 1.116(a)(5), 3.1, 3.2, 3.3(a)(1), 3.4(c), 8.4(c), and 8.4(d),Oklahoma Rules of Professional Conduct and Rule 1.4(b), Rules Governing Disciplinary Proceedings.

7. Respondent was aware that the approval of his resignation is within the discretion of this Court.

8. Respondent was familiar with the provisions of Rule 9.1, RGDP, and agreed·to comply with the provisions within twenty (20) days following the date of his resignation.

9. Respondent acknowledged and agreed that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may not apply for reinstatement prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation.

10. Respondent acknowledged that, as a result of his conduct, the Client Security fund may receive claims from his former clients and should the OBA approve and pay such claims, respondent agreed to reimburse the Client Security Fund, the principal amount and the applicable statutory interest prior to applying for reinstatement.

11. Respondent acknowledged that the OBA has incurred investigation costs in an undetermined amount and agreed to pay those costs, however, the OBA has not requested that·this Court order respondent to pay costs.

12. Respondent's name and address appears on the OBA's official roster as: Brian Edward Duke, OBA # 14710, P.O. Box 2885, Broken Arrow, OK 74013–2885.

13. Respondent's resignation pending disciplinary proceedings should be approved.

14. This Court's approval of respondent's resignation should be effective January 19, 2000, the date the application for approval of his resignation was filed in this Court.

¶2 It is. therefore **ORDERED** that complainant's application is. approved and respondent's resignation is .accepted and approved effective. January 19, 2000, and respondent's right to practice law is relinquished.

··¶3 It is further **ORDERED** that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association before five years from January 19, 2000, the effective date of his resignation and this Court's approval of his resignation.

¶4 It is further **ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings, *5 O.S.1991, ch. 1,*

*app.   1–A,* within twenty (20) days from the date of this order.

¶ 5 It is further **ORDERED** that respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to respondent's former client for claims based upon respondent's alleged misconduct.

¶ 6 ALL JUSTICES CONCUR.