OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF DUKE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF DUKE
2016 OK 58
Case Number: SCBD-6200
Decided: 05/24/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 58, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



IN THE MATTER OF THE REINSTATEMENT OF BRIAN E. DUKE, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS



ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT



¶0 Attorney seeks reinstatement to membership in the Oklahoma Bar Association following his resignation pending discipline in 2000. The Professional Responsibility Tribunal, over the Oklahoma Bar Association's objection, unanimously recommended to deny reinstatement. Upon de novo review, this Court finds the attorney has failed to demonstrate current competency and learning in the law required for reinstatement to membership in the Oklahoma Bar Association.



PETITION FOR REINSTATEMENT IS GRANTED CONDITIONED UPON
PETITIONER'S SUCCESSFUL COMPLETION OF THE OKLAHOMA BAR
EXAMINATION; COSTS ASSESSED IN THE AMOUNT OF $1,389.60.



Brian E. Duke, Pro Se, Oklahoma City, Oklahoma for Petitioner.
Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma for Respondent.




COLBERT, J.


¶1 The principle question before this Court is whether Petitioner, Brian E. Duke, has presented clear and convincing evidence that he possesses the competency and learning in the law necessary to be reinstated to the roll of attorneys and membership in the Oklahoma Bar Association (OBA). This Court approved Petitioner's application for resignation from the OBA sixteen (16) years ago, pending disciplinary proceedings. After a de novo review of the record, this Court holds Petitioner did not demonstrate by clear and convincing evidence that he possesses the requisite competency and learning in the law for readmission to the practice of law in Oklahoma.

FACTS

¶2 Petitioner was admitted to the Oklahoma Bar Association in 1991 following graduation from the University of Oklahoma College of Law and successful completion of the Oklahoma Bar Examination that same year. Thereafter, Petitioner practiced law as a solo practitioner from 1991 until his resignation from the OBA in 2000.

¶3 On January 19, 2000, Petitioner resigned pending disciplinary action for multiple violations of client neglect, misappropriation of funds, and for failing to properly utilize a client trust account.[1] Following his resignation, Petitioner worked as a trainer for West Teleservices Corporation from 2000 to 2008. Beginning in 2007, Petitioner began writing advanced certification courses for the National Association of Legal Assistants (NALA) part-time. Some time in 2008, Petitioner began writing courses for legal assistant certifications full-time. In May 2014, Petitioner accepted his current position as a paralegal for a solo practitioner in Tahlequah, Oklahoma.

¶4 On November 19, 2014, Petitioner filed this application for reinstatement. The Professional Responsibility Tribunal (PRT) held a hearing on February 12, 2015. Several witnesses vouched for Petitioner's good moral character, excellent work ethic, and his remorse concerning his prior misconduct. The record demonstrated Petitioner's understanding of the wrongfulness of his misconduct and the discredit it has brought to the legal profession. Further, since Petitioner's resignation, Petitioner has refrained from engaging in any activities that would impede or negatively reflect upon the reinstatement application. However, during the course of the proceedings, it came to light that Petitioner had yet to comply with the disgorgement orders from the United States Bankruptcy Court and Petitioner failed to produce tax returns for the years 2000-2003. At the conclusion of the proceedings, the PRT permitted the record to remain open to allow Petitioner the opportunity to cure the deficiencies raised at the hearing.

¶5 On June 4, 2015, the PRT filed its report pursuant to Rule 11.5 of the RGDP. The PRT found that Petitioner had established by clear and convincing evidence that he had not engaged in the unauthorized practice of law and possesses the competency and learning in the law required for admission to practice law in Oklahoma. However, the PRT found that Petitioner failed to establish by clear and convincing evidence that he had complied with all procedural rules governing the reinstatement of attorneys-namely, that Petitioner had timely complied with Rule 9.1[2] and that Petitioner had satisfied the heightened burden of proof of qualifications than one seeking admission for the first time.

¶6 In determining that all the procedural requirements had not been satisfied by clear and convincing evidence, the PRT found that Petitioner: (1) failed to produce tax returns for the years 2000-2003; (2) failed to comply with the United States Bankruptcy Court's Orders to disgorge fees; and (3) failed to timely file the Rule 9.1 affidavit. Based on those findings, the PRT unanimously denied Petitioner's request for reinstatement noting, "despite ample opportunities provided to do so," Petitioner had yet to establish by clear and convincing evidence that he had met the burden required for reinstatement.

¶7 Petitioner filed a brief in support of his reinstatement on August 13, 2015. The OBA filed its answer brief in support of Petitioner shortly thereafter. In it, the OBA confirmed that it had no objection to the Petitioner's reinstatement. The OBA asserts that since the filing of the PRT report, Petitioner has filed his (1) Rule 9.1 affidavit,[3] (2) paid the disgorgement fees;[4] and (3) filed his Federal and State tax returns for the years 2000-2003. As a result, OBA contends that Petitioner has now satisfied the criteria at issue and is eligible for reinstatement.

STANDARD OF REVIEW

¶8 This Court exercises exclusive jurisdiction when it considers a petition for reinstatement and applies a de novo standard of review. In re Reinstatement of Blevins, 2002 OK 78, ¶ 3, 59 P.3d 510, 511. To aide in this Court's determination, the PRT is charged with, among other things, assessing an applicant's moral character, competency in the law, and whether the applicant engaged in the unauthorized practice of law during the applicant's period of suspension, disbarment or resignation. Id.; See also Rule 11.5, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1-A. However, those recommendations are merely advisory as it is this Court's "ultimate responsibility" to decide whether reinstatement is warranted. Blevins, 2002 OK 78,¶ 3, 59 P.3d at 511.

¶9 Resignation pending discipline is tantamount to disbarment in that an attorney must comply with the same procedures for readmittance as would a disbarred counterpart. Rule 11.4, RGDP. Rule 11.4 requires that, when applying for reinstatement, the applicant's burden of proof is more onerous than one seeking admission to the OBA for the first time. Id. An applicant must present clear and convincing evidence that reinstatement is appropriate and that the applicant's conduct conforms to the high standards required of Oklahoma Bar members. In re Reinstatement of Munson, 2010 OK 27, ¶ 12, 236 P.3d 96, 101.

¶10 This Court considers eight separate factors when considering a reinstatement petition:



(1) the applicant's present moral fitness; (2) demonstrated consciousness of the conduct's wrongfulness and the disrepute it has brought upon the legal profession; (3) the extent of rehabilitation; (4) the original misconduct's seriousness; (5) conduct after resignation; (6) time elapsed since the resignation; (7) the applicant's character, maturity, and experience when [he resigned]; and (8) present legal competence.



In re Reinstatement of Munson, 2010 OK 27, ¶ 13, 236 P.3d 96, 101.

¶11 This Court agrees with the PRT that Petitioner failed to establish by clear and convincing evidence that Petitioner has presented stronger proof of qualifications than one seeking admission for the first time, but on slightly different grounds. Specifically, the record is devoid of any evidence that Petitioner has satisfied the mandatory continuing legal education requirements imposed upon Oklahoma Bar members. And, based on Petitioner's sixteen (16) year absence from the practice of law, Petitioner must now retake the Oklahoma Bar Examination as a prerequisite for readmission. This Court determines that the PRT's findings as to all the other factors relevant to reinstatement are meritorious.

COMPETENCY AND LEARNING IN THE LAW

¶12 At the outset, this Court finds that Petitioner has not demonstrated the current competency and learning necessary to engage in the practice of law. Rule 11.5(c) requires an applicant "to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association" if the applicant's membership has been inactive for a period of five (5) years or longer. In re Reinstatement of Farrant, 2004 OK 77, ¶ 6, 104 P.3d 567, 568. In essence, there is a presumption that an applicant does not "possess sufficient competency in the law to be reinstated, absent an extraordinary showing . . .." Id., ¶ 7, 104 P.3d at 569. Petitioner has failed to meet that burden.

¶13 In the sixteen (16) years since Petitioner's resignation, Petitioner has earned his living working in several law-related positions. Relying heavily on his work for a national company writing advanced certification classes for legal assistants, Petitioner advances that work as evidence of his competency in the law. While the valuable education legal assistants receive is related to the law, writing legal courses for non-attorneys does not rise to the level of training and competency expected of Oklahoma practitioners. Furthermore, Oklahoma practitioners are required to take twelve hours of continuing legal education, including one hour of ethics, every year. See Rule 3, Rules for Mandatory Continuing Legal Education, Okla. Stat. tit. 5, ch. 1, app. 1-B. Petitioner did not take any continuing legal education courses except for the six hours Petitioner completed in 2015-just six days prior to the PRT hearing.

¶14 Most recently, this Court addressed the competency and learning in the law requirement in In re Reinstatement of Bodnar, 2016 OK 12, 367 P.3d 916. In Bodnar, this Court denied the petition for reinstatement where the applicant offered evidence that he "subscribed to and read the Oklahoma Bar Journal for three months just prior to his reinstatement hearing and has taken one continuing legal education class." Id., ¶ 19, 367 P.3d at 920. Notably, the petitioner there, had been absent from the practice of law for thirteen (13) years.

¶15 In a similar case, In re Reinstatement of Turner, 1999 OK 72, ¶ 20, 990 P.2d 861, 864, this Court held that a petitioner failed to show by clear and convincing evidence his competency and learning in the law despite completing twenty-four hours of continuing legal education, and the petitioner's assertion that he read the Oklahoma Bar Journal and other legal publications. Likewise, in In re Reinstatement of Farrant 2004 OK 77, ¶ 11, 104 P.3d at 569, this Court denied a petitioner's reinstatement application although the petitioner completed twelve (12) CLE credit hours and presented evidence that he read the bar journal and other legal publications.

¶16 Here, Petitioner's efforts at maintaining competency and learning in the law fall short of this Court's exacting standard. Writing certification courses for legal assistants does not rise to the requisite level of competency required of Oklahoma practitioners. An absence from the practice of law for five years or more weighs heavily against an affirmative finding that an applicant has maintained competency.

CONCLUSION

¶17 It is this Court's duty to safeguard the public by ensuring that applicants for reinstatement meet the qualifications necessary for the practice of law. In re Reinstatement of Thomson 1993 OK 152, ¶ 22, 864 P.2d 823, 827. Petitioner has failed to demonstrate his competency and learning in the law by clear and convincing evidence. In order for Petitioner to demonstrate his competency and learning in the law, Petitioner must retake and successfully pass the Oklahoma Bar Examination. Therefore, Petitioner, Brian E. Duke's application for reinstatement is granted contingent upon successful completion of the Oklahoma Bar Examination.

¶18 The OBA has filed an unopposed application to assess costs in the amount of $1,389.60. Petitioner is directed to pay the costs of this proceeding in the sum of $1,389.60 within ninety (90) days from the date this opinion becomes final.


PETITION FOR REINSTATEMENT IS GRANTED CONDITIONED UPON
PETITIONER'S SUCCESSFUL COMPLETION OF THE OKLAHOMA BAR
EXAMINATION; COSTS ASSESSED IN THE AMOUNT OF $1,389.60.



Reif, C.J., Watt, Winchester, Edmondson and Colbert, JJ., concur;

Kauger, J., concurs in part, dissents in part;




Kauger, J., concurring in part, dissenting in part: "I would follow the recommendation of the Oklahoma Bar Association."




Combs, V.C.J., Taylor and Gurich, JJ., dissent;




Taylor, J., dissenting: "I would deny reinstatement. Rule 11.4, RGDP."




FOOTNOTES


[1]The allegations of misconduct detailed in this Court's April 11, 2000 order approving resignation are as follows:

A formal Complaint was filed with this Court on December 3, 1999, alleging in Count I that respondent misappropriated funds from a probate estate in violation of Rules 1.15 and 8.4(c), Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app.3-A (ORPC), and Rule 1.4(b), Rules Governing Disciplinary Proceedings, 5 O.S. ch. 1, app. 1-A (RGDP); Count II that respondent refused to account for the funds misappropriated from a probate estate in violation of Rule 8.1(b), ORPC, and Rule 5.2, RGDP; Counts III and IV that respondent neglected client matters and failed to keep the clients informed in violation of Rules 1.1, 1.2, 1.3, 1.4, 3.2, and 1.15(b), ORPC; Count V that respondent represented clients in the Bankruptcy Court without being admitted to practice in that court and neglected client matters and failed to keep the clients informed in violation of Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16(d), 3.2, and 5.5(a) ORPC; Count VI that opposing counsel did not receive pleadings for which respondent filed certificates of mailing in violation of Rules 1.1, 1.3, 3.1, 3.2, 3.3(a)(1), 3.4(c) and 8.4(d), ORPC; Count VII that respondent represented clients in the United States District Court for the Northern District of Oklahoma without being admitted to practice in that court in violation of Rules 5.5(a), 8.4(c) and 8.4(d), ORPC; Counts VIII and IX that respondent moved his office and failed to inform his clients in violation of Rules 1.1, 1.2, 1.3, 1.4, 1.15(b), 1.16(a)(5), 3.2, and 8.4(c), ORPC.
OBA v. Duke, 2000 OK 29, ¶ 1, 2 P.3d 342.



[2] Rule 9.1, RGDP states:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.



[3] As it relates to the Rule 9.1 affidavit, OBA contends that the affidavit was filed on February 12, 2015 and therefore should not preclude Petitioner's reinstatement.



[4] On August 13, 2015, the OBA filed a Notice of Petitioner's Compliance with PRT's Directive. Affixed thereto were supporting documents, submitted to the OBA, evidencing Petitioner's compliance with the United States Bankruptcy Court's disgorgement Orders.




 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 152, 864 P.2d 823, 64 OBJ 3526, Reinstatement of Thompson, Matter of
Discussed
 2002 OK 78, 59 P.3d 510, IN THE MATTER OF THE REINSTATEMENT OF BLEVINS
Discussed at Length
 2004 OK 77, 104 P.3d 567, IN THE MATTER OF THE REINSTATEMENT OF FARRANT
Discussed at Length
 2010 OK 27, 236 P.3d 96, IN THE MATTER OF THE REINSTATEMENT OF MUNSON
Discussed at Length
 2016 OK 12, 367 P.3d 916, IN THE MATTER OF THE REINSTATEMENT OF BODNAR
Discussed
 2000 OK 29, 2 P.3d 342, 71 OBJ 958, State ex. rel. Oklahoma Bar Assn. v. Duke
Discussed
 1999 OK 72, 990 P.2d 861, 70 OBJ 2603, In the Matter of the Reinstatement of Turner
Discussed