OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF GIERHART

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF GIERHART
2023 OK 82
532 P.3d 491
Case Number: SCBD-7375
Decided: 06/27/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 82, 532 P.3d 491

 
 

IN THE MATTER OF THE REINSTATEMENT OF: DOUGLAS MARK GIERHART TO THE MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORIGINAL PROCEEDING FOR RULE 11 REINSTATEMENT 

¶0 Petitioner, Douglas Mark Gierhart, filed a Petition for Reinstatement to Membership in the Oklahoma Bar Association. The Professional Responsibility Tribunal unanimously recommended that Petitioner should be reinstated. The Oklahoma Bar Association did not oppose Petitioner's reinstatement. Upon review, we hold that Petitioner should be reinstated.

REINSTATEMENT GRANTED;
PETITIONER ORDERED TO PAY COSTS.

Timothy D. Beets, Oklahoma City, Oklahoma, for Petitioner.

Peter Haddock, Assistant General Counsel, Oklahoma Bar Association,
Oklahoma City, Oklahoma, for Respondent.

ROWE, V.C.J.: 

BACKGROUND 

¶1 Petitioner, Douglas Mark Gierhart, seeks reinstatement as a member of the Oklahoma Bar Association ("OBA") pursuant to Rule 11, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2021 ch. 1, app. 1-A. Petitioner was admitted to the OBA in May of 1982. Petitioner practiced law in the State of Oklahoma for more than 38 years, mostly as a sole practitioner. Petitioner maintained good standing with the OBA with no prior formal discipline actions against him.

¶2 In April 2018, two grievances were filed with the OBA against Petitioner. The OBA opened a formal investigation into the allegations and Petitioner responded to both grievances. The OBA filed its formal Complaint on October 3, 2019, which contained three counts of alleged misconduct relating to failure to competently and diligently represent his clients; engaging in dishonest conduct; failure to communicate; collecting an unreasonable fee; mishandling client property; and commission of an act contrary to prescribed standards of conduct. Petitioner was suspended from the practice of law for two years and one day and ordered to pay costs of the action. The Order was issued on September 15, 2020 and became final on October 15, 2020.

¶3 During his suspension, Petitioner worked as a paralegal, substitute teacher, and a chauffeur for a limousine company. In his effort to maintain competence and learning in the law, Petitioner earned 49 continued legal education credits, four hours of ethics credits, and continued to read the Bar Journal during his time of suspension. Petitioner wrote an article for the Bar Journal about money management in an effort to provide advice for small firms and new attorneys on avoiding mistakes that result in discipline.

¶4 On December 15, 2022, Petitioner filed for reinstatement. On April 11, 2023, the trial panel held a hearing on the Petition for Reinstatement. Petitioner testified at the hearing and presented testimony from five character witnesses. The OBA presented testimony from its investigator, Brian Martin. The trial panel found by clear and convincing evidence that Petitioner possesses good moral character and has not engaged in the unauthorized practice of law. The trial panel found Petitioner complied with CLE requirements, paid his bar dues, properly withdrew from all pending cases, and gave notice to his clients of his withdrawal. The OBA did not oppose Petitioner's request for reinstatement before the trial panel.[1] The trial panel recommended by a unanimous vote that Petitioner should be reinstated.

STANDARD OF REVIEW

¶5 This Court maintains a nondelegable, constitutional obligation to regulate both the practice of law and the ethics, licensure, and discipline of Oklahoma practitioners. In re Reinstatement of Rickey, 2019 OK 36, ¶4, 442 P.3d 571, 574; In re Reinstatement of Kerr, 2015 OK 9, ¶6, 345 P.3d 1118, 1121. Although the findings of the Professional Responsibility Tribunal are given great weight, its findings are not binding on this Court, and its recommendation is merely advisory. Rickey, 2019 OK 36, ¶4, 442 P.3d at 574. We review the record de novo. Id. Rule 6.15, RGDP.

¶6 An applicant for readmission bears the burden of proving by clear and convincing evidence that, if readmitted, his conduct will conform to the high standards required of members of the bar. Rule 11.4, RGDP. An applicant seeking reinstatement must present stronger proof of qualifications than one seeking admission for the first time. Id. Rule 11.5, RGDP, requires the trial panel to make specific findings regarding: 1) whether petitioner possesses the good moral character which would entitle him to be admitted to the Bar Association; 2) whether petitioner has engaged in the unauthorized practice of law during the period of suspension; and 3) whether petitioner possesses the competency and learning in the law required for admission to the practice of law in the State of Oklahoma. In addition, the Court considers the following eight factors: 1) the applicant's present moral fitness; 2) the applicant's demonstrated consciousness of the conduct's wrongfulness and the disrepute it has brought upon the legal profession; 3) the applicant's rehabilitation; 4) the severity of the applicant's original misconduct; 5) the applicant's conduct after suspension; 6) the time elapsed since the suspension; 7) the applicant's character, maturity, and experience when suspended; and 8) the applicant's present legal competence. Each reinstatement decision is determined on a case-by-case basis, carefully weighing all factors. In re Reinstatement of Munson, 2010 OK 27, ¶ 13, 236 P.3d 96, 101.

DISCUSSION 

¶7 We analyze Petitioner's request for reinstatement in relation to the questions posed above.

A. Moral Character. 

¶8 Petitioner practiced law for 38 years and maintained good standing with the OBA until his disciplinary suspension in October 2020.[2] Petitioner presented five character witnesses at the hearing: Honorable Allen Welch, Jr., an Oklahoma County Special Judge whom before Petitioner appeared; Sam Bauer, his adopted son; Tommy Davis, a friend from church who also serves as Petitioner's accountability partner; Bruce Coker, an attorney who has known Petitioner for over twenty years; and Veronica Smith, Petitioner's former paralegal.

¶9 Each of Petitioner's witnesses testified that they believe Petitioner possesses the requisite moral character to return to practice. The OBA's investigator, Brian Martin, testified that Petitioner was candid during his investigative interview. Mr. Martin further testified that he did not find anything during the course of his investigation to indicate Petitioner lacked good moral character.

B. Unauthorized Practice of Law. 

¶10 During Mr. Martin's investigation, he reviewed various state and federal dockets and databases for evidence that Petitioner engaged in the unauthorized practice of law. Mr. Martin testified that his investigation produced no evidence that Petitioner engaged in the unauthorized practice of law in Oklahoma after his license was suspended.

¶11 Rule 11.1(a)(2), RGDP, requires that an applicant seeking readmission submit affidavits from the court clerks in each county in which the applicant has resided since his resignation, establishing that the applicant has not engaged in the unauthorized practice of law in their respective courts. Petitioner submitted an affidavit from Oklahoma County Clerk which stated that no Oklahoma County judges responded to a circulated letter inquiring whether Petitioner had practiced law during his suspension. Based on the foregoing, we find by clear and convincing evidence that Petitioner has not engaged in the unauthorized practice of law in Oklahoma.

C. Professional Competence. 

¶12 Pursuant to Rule 11.5(c), an applicant for reinstatement is required to demonstrate sufficient competency and learning in the law. If an applicant's license to practice has been inactive for five years or more, there is a rebuttable presumption that he will be required to take and pass the bar examination to demonstrate competency. Rule 11.5(c), RGDP; In re Reinstatement of Rickey, 2019 OK 36, ¶ 6, 442 P.3d 571, 575; In re Reinstatement of Duke, 2016 OK 58, ¶ 12, 382 P.3d 501, 504. However, before being required to retake the bar examination, the applicant will be given a reasonable opportunity to demonstrate he maintained competency through continued study of the law. Rule 11.5(c), RGDP.

¶13 Petitioner asserts he has maintained his competency and learning in the law during his suspension in a variety of ways. Specifically, Petitioner earned 49 hours of CLE credits and four ethics credits. Petitioner also asserts he reviewed the online version of the Oklahoma Bar Journal for cases that were relevant to his areas of practice. Petitioner also drafted an article which he presented for CLE approval discussing cash flow management for lawyers.

¶14 Mr. Martin testified Petitioner has maintained his competency and learning in the law and went above and beyond what was required for reinstatement during his suspension. Based on the foregoing, we find Petitioner has shown by clear and convincing evidence that he has made an effort to maintain his competency and learning in the law. Accordingly, Petitioner is not required to take and pass the Oklahoma Bar Exam to be eligible for reinstatement.

D. Additional Factors. 

¶15 In October 2020, we found Petitioner misappropriated client funds in violation of Rule 1.15. Although misappropriation is the most serious infraction that an attorney may commit against his client concerning client funds, it does not necessarily prevent his reinstatement. In re Reinstatement of Mumina, 2009 OK 76, ¶ 19, 225 P.3d 804, 814. In determining whether reinstatement is appropriate, we look to see whether restitution has been made. We will also look at the likelihood that the attorney will repeat his past offense and whether he has been previously disciplined for similar conduct. In re Reinstatement of Dobbs, 2011 OK 32, ¶ 16, 256 P.3d 52, 56.

¶16 Before our order of suspension was entered in 2020, Petitioner paid all parties that were harmed by his misconduct. Petitioner's testimony demonstrated his consciousness of his wrongfulness and the disrepute he brought upon the legal profession. We also note that Petitioner's conduct after suspension focused on his rehabilitation efforts and that prior to October 2020 he had never been subject to discipline. Petitioner's effort to maintain his competency in the law and educate young attorneys on money management through an article in the Bar Journal demonstrates Petitioner's dedication to reforming his past misconduct. In addition, Petitioner's behavior during his suspension demonstrates he is not a threat to the public nor does the record reflect a threat of repeated misconduct. Upon weighing all the pertinent factors, we find Petitioner has demonstrated his eligibility for reinstatement.

¶17 Petitioner has already paid all costs due from his suspension in the sum of $4,460.06 and agrees to pay the fees and expenses associated with the investigation in processing his Petition for Reinstatement.[3]

CONCLUSION 

¶18 The evidence reflects that Petitioner has proven himself rehabilitated according to the rules of this Court and that he is entitled to be reinstated. Petitioner has demonstrated by clear and convincing evidence that he possesses good moral character and that he has not engaged in the unauthorized practice of law. Petitioner has demonstrated that he maintained his competency and learning in the law during the time of his suspension necessary for reinstatement. Moreover, Petitioner took full responsibility for his previous misconduct and recognized the magnitude of his mistakes. Petitioner was highly remorseful and demonstrated that he will conform to the high standards required of members of the bar. Accordingly, Petitioner's Petition for Reinstatement is granted.

¶19 On April 28, 2023, the OBA filed an Application to Assess Costs totaling $306.49. Pursuant to Rule 11.1(c), RGDP, an applicant for reinstatement is responsible for the expense involved in investigating and processing his application. Petitioner is hereby ordered to pay costs in the amount of $306.49 within ninety days of the effective date of this opinion.

REINSTATEMENT GRANTED;
PETITIONER ORDERED TO PAY COSTS.

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich, Darby and Kuehn, JJ., concur;

Combs, J., recused.

FOOTNOTES

[1] The OBA filed a Waiver of Reply Brief before this Court, noting it agreed with the conclusions and recommendations of the Trial Panel.

[2] Petitioner mentioned he received a private reprimand early in his career, but the OBA made it clear that official records do not reveal any private reprimand on Petitioner.

[3] Petitioner paid all costs associated with his suspension in the sum of $4,460.06 on January 5, 2021. Ex. No. 9.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2009 OK 76, 225 P.3d 804, 
IN THE MATTER OF THE REINSTATEMENT OF MUMINA
Discussed

 
2010 OK 27, 236 P.3d 96, 
IN THE MATTER OF THE REINSTATEMENT OF MUNSON
Discussed

 
2011 OK 32, 256 P.3d 52, 
IN THE MATTER OF THE REINSTATEMENT OF DOBBS
Discussed

 
2015 OK 9, 345 P.3d 1118, 
IN THE MATTER OF THE REINSTATEMENT OF KERR
Discussed

 
2016 OK 58, 382 P.3d 501, 
IN THE MATTER OF THE REINSTATEMENT OF DUKE
Discussed

 
2019 OK 36, 442 P.3d 571, 
IN THE MATTER OF THE REINSTATEMENT OF RICKEY
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA