OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF REED

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF REED
2024 OK 12
Case Number: SCBD-7552
Decided: 03/05/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 12, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF: KIM REED TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.
ORIGINAL PROCEEDING FOR RULE 11 REINSTATEMENT
¶0 Petitioner, Kim Reed, filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Professional Responsibility Tribunal unanimously recommended that Petitioner should be reinstated. The Oklahoma Bar Association does not oppose Petitioner's reinstatement. Upon review, we hold that Petitioner should be reinstated.
PETITION FOR REINSTATEMENT GRANTED.
Kim M. Reed, Oklahoma City, Oklahoma, Petitioner/Pro se.
Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.
ROWE, V.C.J.:
I. BACKGROUND
¶1 Petitioner, Kim Reed, seeks reinstatement as a member of the Oklahoma Bar Association ("OBA") pursuant to Rule 11, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2021 ch. 1, app. 1-A. Petitioner graduated from Oklahoma City University School of Law in 2001. Petitioner passed the Oklahoma Bar Examination in Spring 2002. She was admitted to the OBA on April 19, 2002.
¶2 Petitioner practiced law in the State of Oklahoma from April 2002 until September 2002. In October 2002, Petitioner moved to Dallas, Texas where she successfully sat for and passed the Texas Bar Exam. On May 5, 2003, Petitioner was admitted to the State Bar of Texas. Petitioner practiced law in the State of Texas from May 2003 through August 2004.
¶3 In August 2004, Petitioner moved to Seattle, Washington. After successfully passing the Washington Bar Exam, Petitioner became a member of the Washington State Bar Association on May 24, 2005. Since May 2005, Petitioner has practiced law in the State of Washington to the present date.
¶4 On January 15, 2014, Petitioner was stricken from the Oklahoma Roll of Attorneys after voluntarily resigning because she has been living and practicing outside the State of Oklahoma for over ten years. Petitioner has not been terminated, suspended, or disbarred from the OBA nor any other state or federal bar. Further, Petitioner has not resigned pending investigation or disciplinary proceedings from the OBA or any other state or federal bar within the past five years.
¶5 The Petitioner is currently an inactive member and cannot practice law in the State of Texas; however, she is in good standing with the State Bar of Texas. Petitioner is presently an active member in good standing with the State Bar of Washington. In August 2018, Petitioner moved to Oklahoma City, Oklahoma to be near family. She continues to work remotely as a medical malpractice defense attorney with the Seattle law firm, Johnson, Graffe, Keay, Moniz, & Wick, LLP.
¶6 On October 4, 2023, Petitioner filed her Petition for Reinstatement. Petitioner submitted four letters of support and recommendation to the OBA attesting to her good moral character. On January 12, 2024, the Professional Responsibility Tribunal ("PRT") held a hearing on the Petition for Reinstatement. Petitioner testified at the hearing and presented the testimony of three character witnesses. The OBA presented testimony of its investigator, Krystal Willis.
[1]
¶7 On January 29, 2024, the PRT issued its report and recommendation. The PRT found by clear and convincing evidence that Petitioner possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma and that Petitioner has shown she continued to study and practice with great skill as a lawyer in the States of Texas and Washington. Additionally, the PRT found Petitioner has, by clear and convincing evidence, presented proof of qualifications at least as strong as one seeking admission to the Bar for the first time; Petitioner has demonstrated she possesses good moral character sufficient to entitle her to be admitted to the OBA; and Petitioner has shown she has not engaged in the unauthorized practice of law since she resigned from the OBA. The PRT, by a unanimous vote, recommended Petitioner should be reinstated to the OBA.
II. STANDARD OF REVIEW
¶8 This court possesses a nondelegable, constitutional obligation to regulate the practice of law as well as the ethics, licensure, and discipline of Oklahoma practitioners. In re Reinstatement of Rickey, 2019 OK 36, ¶ 4, 442 P.3d 571, 574; In re Reinstatement of Kerr, 2015 OK 9, ¶ 6, 345 P.3d 1118, 1121. We give great weight to the findings of the trial panel, but its findings are not binding on this court. Rickey, 2019 OK 36, ¶ 4, 442 P.3d at 574. We review the record presented at the hearing before the PRT de novo. Id.
¶9 Applicants seeking readmission bear the burden of proving by clear and convincing evidence that, if readmitted, their conduct will conform to the high standards required of members of the bar. Rule 11.4, RGDP. Applicants seeking reinstatement must present stronger proof of qualifications than those seeking admission for the first time. Id. In instances such as this one, which involve no prior imposition of discipline, we focus our inquiry on four primary questions: (1) whether the applicant possesses good moral character; (2) whether she has engaged in any unauthorized practice of law in Oklahoma; (3) whether she has demonstrated sufficient competency to practice law; and (4) whether she has complied with any other requirements for reinstatement. See Rickey, 2019 OK 36, ¶ 4, 442 P.3d at 574; In re Reinstatement of Gill, 2016 OK 61, ¶ 5, 376 P.3d 200, 202; see also Rule 11.5, RGDP.
III. DISCUSSION
¶10 We analyze Petitioner's request for reinstatement in relation to the four questions posed above regarding her present moral fitness, instances of unauthorized practice, her professional competence, and her compliance with other requirements for reinstatement.
A. Moral Fitness.
¶11 Petitioner has never faced disciplinary actions by the OBA, the Washington Bar Association, or the State Bar of Texas. Petitioner has practiced for approximately 22 years after graduating from law school and maintained good standing with the OBA until her resignation in 2014. According to her own testimony, and testimony on behalf of the OBA, Petitioner does not have a history of prior discipline or unethical behavior and has remained in good standing with both the Washington State Bar and the State Bar of Texas.
¶12 Petitioner submitted four letters of support and recommendation to the OBA attesting to her good moral character: Jeffrey Burnham, an attorney, and Petitioners current managing partner; Marc Holmes, an attorney and Petitioner's ex-spouse who Petitioner worked with from 2015 to 2018; Lisa Gallo, a friend of Petitioner; and Tiffany Maxey, Petitioner's friend of 35 years who later testified on Petitioner's behalf. Additionally, Petitioner presented the testimony of three character witnesses at her hearing before the PRT: Rando Wick, a senior trial attorney and equity partner at Petitioner's current firm; Miranda Aye, an equity partner at Petitioner's current firm; and Tiffany Maxey.
¶13 Each of Petitioner's witnesses testified that they believe Petitioner to be a competent and ethical attorney. Jefferey Burnham, Petitioner's current managing partner, described Petitioner as having high moral character and integrity. Tiffany Maxey, a long-term friend of Petitioner, described Petitioner as having remarkable character and integrity. Similarly, Marc Holmes, an attorney and Petitioner's ex-spouse, described Petitioner as having exemplary integrity and character. The OBA's investigator, Krystal Willis, testified that the OBA's investigation into Petitioner revealed no concerns regarding her eligibility for admission to the Oklahoma State Bar.
¶14 On review, we find Petitioner has demonstrated by clear and convincing evidence that she possesses the good moral character necessary for reinstatement. Several friends, colleagues, and acquaintances were willing to testify to her trustworthiness and general character. Furthermore, she does not have a history of prior discipline or unethical behavior.
B. Unauthorized Practice of Law.
¶15 Pursuant to Rule 11.5(b), RGDP, Petitioner is required to prove that during the period of her resignation from the Oklahoma State Bar, she did not engage in the unauthorized practice of law. Rule 11.1(a)(2), RGDP, requires that an applicant seeking readmission submit affidavits from the court clerks in each county in which the applicant has resided since her resignation, establishing that the applicant has not engaged in the unauthorized practice of law in their respective courts.
¶16 Petitioner submitted an affidavit from the Oklahoma County Court Clerk stating that a search of their court records revealed no evidence that Petitioner had practiced law in Oklahoma County since her resignation. Additionally, Ms. Willis testified that based on the affidavit from the Oklahoma County Court Clerk it is her understanding that Petitioner has not been involved in the unauthorized practice of law in Oklahoma County. Based on the foregoing, we find by clear and convincing evidence that Petitioner has not engaged in the unauthorized practice of law in Oklahoma.
C. Professional Competence.
¶17 Pursuant to Rule 11.5(c), an applicant for reinstatement is required to demonstrate sufficient competency and learning in the law. If an applicant's license to practice has been inactive for five years or more, there is a rebuttable presumption that she will be required to take and pass the bar examination to demonstrate competency. Rule 11.5(c), RGDP; In re Reinstatement of Rickey, 2019 OK 36, ¶ 6, 442 P.3d 571, 575; In re Reinstatement of Duke, 2016 OK 58, ¶ 12, 382 P.3d 501, 504. However, before being required to retake the bar examination, the applicant will be given a reasonable opportunity to demonstrate she maintained competency through continued study of the law. Rule 11.5(c), RGDP.
¶18 Petitioner resigned from the Oklahoma Bar Association on January 15, 2014. According to the affidavit of Beverly Lewis, MCLE Administrator for the Oklahoma Bar Association, Petitioner was in compliance with MCLE requirements at the time she voluntarily resigned. Though she is currently an inactive member of the State Bar of Texas, Petitioner is in good standing with the State Bar of Texas. Additionally, according to the Washington State Bar Association Certification of Current Status submitted by Petitioner, Petitioner continues to be an active member in good standing with the Washington State Bar. During her testimony on behalf of the OBA, Ms. Willis testified that Petitioner has maintained good standing with the Washington State Bar since she was admitted in 2005, including following Washington's mandatory continuing legal education ("MCLE") requirements.
¶19 Petitioner asserts that she has over 20 years of experience as a practicing attorney and currently practices in the area of medical malpractice defense in the State of Washington. Petitioner has taken and passed three bar exams including Oklahoma, Texas, and Washington, and has completed continuing legal education. Petitioner has consistently maintained good standing with each respective Bar Association where she practiced. Ms. Willis testified that the OBA's investigation revealed that Petitioner has never been the subject of any disciplinary action or grievance in Oklahoma, Texas, or Washington. In addition to completing Washington's MCLE requirements, Petitioner testified that she recently attended a MCLE seminar in Oklahoma City, Oklahoma to learn more about Guardian Ad Litem work in Oklahoma.
¶20 Based on the foregoing, we find Petitioner has shown by clear and convincing evidence that she has taken sufficient steps to maintain her competency and learning in the law. Accordingly, Petitioner is not required to take and pass the Oklahoma Bar Exam to be eligible for reinstatement.
D. Other Requirements for Reinstatement.
¶21 Petitioner has complied with all other requirements of reinstatement and otherwise demonstrated her eligibility for reinstatement. According to the affidavit of Chris Brumit, Director of Administration for the Oklahoma Bar Association, Petitioner was in good standing at the time of her resignation on January 15, 2014, and will only owe current years' dues upon reinstatement. Additionally, according to the affidavit of Beverly Lewis, MCLE Administrator for the Oklahoma Bar Association, Petitioner was in compliance with MCLE requirements at the time she voluntarily resigned and does not currently owe any MCLE fees.
IV. CONCLUSION
¶22 Petitioner has demonstrated by clear and convincing evidence that she possesses good moral character, has not engaged in the unauthorized practice of law, and that she possesses the competence and learning in the law necessary for reinstatement. Accordingly, Petitioner's reinstatement is granted.
¶23 On January 29, 2024, the OBA filed an application to assess the costs of the reinstatement proceedings, in the amount of $199.10, to Petitioner. Pursuant to Rule 11.1(c), RGDP, an applicant for reinstatement is responsible for the expense involved in investigating and processing her application. Petitioner is hereby ordered to pay costs in the amount of $199.10 within thirty (30) days of the effective date of this opinion.
PETITION FOR REINSTATEMENT GRANTED.
ALL JUSTICES CONCUR
FOOTNOTES
[1] During her testimony, Krystal Willis conveyed that her involvement in Petitioner's investigation spanned only a week and a half prior to the PRT hearing. Typically, investigations of this nature extend over a few months. The preceding investigator, Kurt Stoner, conducted a comprehensive examination of the Petitioner; however, due to his departure from the OBA, he was unable to testify. Krystal Willis, in lieu of presenting her own limited inquiry, expressed her intent to testify on behalf of the collective efforts of OBA, including Kurt Stoner's contributions.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2015 OK 9, 345 P.3d 1118, 
IN THE MATTER OF THE REINSTATEMENT OF KERR
Discussed

 
2016 OK 58, 382 P.3d 501, 
IN THE MATTER OF THE REINSTATEMENT OF DUKE
Discussed

 
2016 OK 61, 376 P.3d 200, 
IN THE MATTER OF THE REINSTATEMENT OF GILL
Discussed

 
2019 OK 36, 442 P.3d 571, 
IN THE MATTER OF THE REINSTATEMENT OF RICKEY
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA