OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF RICKEY

 

 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF RICKEY
2019 OK 36
Case Number: SCBD-6717
Decided: 05/14/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 36, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF: RUTH BRUMMETT RICKEY TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

ORIGINAL PROCEEDING FOR RULE 11
BAR REINSTATEMENT

Â¶0 Petitioner, Ruth Brummett Rickey, filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Oklahoma Bar Association recommends that Petitioner's reinstatement be conditioned on her successful completion of the Oklahoma Bar Exam. The Professional Responsibility Tribunal unanimously recommended that Petitioner's reinstatement be conditioned on her successfully completing the Oklahoma Bar Exam, completing CLE courses for the calendar year in which she is reinstated, and paying costs and dues. After our de novo review, we find the Petitioner should be reinstated contingent on her successfully passing the Oklahoma Bar Exam, and payment of membership dues and completion of the required continuing legal education for the year she passes the bar exam.

REINSTATEMENT GRANTED UPON SUCCESSFUL COMPLETION OF
THE CONDITIONS SET OUT IN THIS OPINION

Ruth Brummett Rickey, Petitioner/Pro Se.

Tracy Pierce Nester, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

COMBS, J.:

Â¶1 On November 2, 2018, the Petitioner, Ruth Brummett Rickey, filed her Petition for Reinstatement requesting she be readmitted as a member of the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A (RGDP). Petitioner graduated from the Oklahoma University School of Law in 1987. She was admitted to practice law that same year. During law school, she worked as a Licensed Legal Intern. Petitioner practiced law for six years after graduating law school. At her first firm, she devoted most of her time to bankruptcy proceedings. After three years, she was recruited to another firm where she primarily worked bankruptcy cases. She remained with her second firm for four years until she voluntarily left due to firm-wide internal conflict.[1] She reviewed contracts for a short term at Eagleton & Nicholson. In 1994, she worked as a hearing officer for the Oklahoma Employment Securities Division. She remained in that position for the allotted six months. The position did not require a licensed attorney. Petitioner let her license lapse and was stricken from the rolls of the Oklahoma Bar Association in 1995 for failure to complete CLEs in 1993 and failure to pay dues in 1994.[2]

Â¶2 Petitioner went on to work as a cake decorator and eventually opened her own bakery. In 2001, Petitioner was diagnosed with a rare form of leukemia and due to medical complications was unable to work for several years. Once petitioner was able, she began participating in several charitable organizations. These organizations focus on the advancement of leukemia research and providing financial assistance to those undergoing medical treatment. In 2018, she began working part-time for Allegiance Credit Union. After filing her petition, the Professional Responsibility Tribunal (PRT) held a hearing pursuant to Rule 6, RGDP. The Petitioner testified she has worked her way up to a full-time position and on the urging of the Credit Union's CEO and CFO began seeking reinstatement. The CEO testified that Petitioner would be an asset to the credit union by saving them the costs of outside counsel. Petitioner's role should she be reinstated would focus on compliance matters, vendor management, contract review, and handling creditor proceedings.

Â¶3 The PRT recommends that Petitioner's reinstatement be denied until she successfully completes the Oklahoma Bar Exam, completes the required CLEs for the year she is reinstated, and pays fees and dues. It found by clear and convincing evidence that the Petitioner has shown she possesses good moral character sufficient to be admitted to the OBA and that she has not engaged in the unauthorized practice of law. However, she did not demonstrate by clear and convincing evidence that she possesses the required competence in the learning of the law. Therefore the PRT conditioned her reinstatement on successful completion of the bar exam. The Respondent, OBA, agreed with the PRT in its answer brief that Petitioner should be required to successfully complete the OBA Bar Exam before her reinstatement.

STANDARD OF REVIEW

Â¶4 This Court has the non-delegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of Oklahoma practitioners of the law. In re Reinstatement of Kerr, 2015 OK 9, Â¶6, 345 P.3d 1118. Our review of the record is made de novo. State ex rel. Oklahoma Bar Association v. Hulett, 2008 OK 38, Â¶4, 183 P.3d 1014. In a proceeding involving no prior imposition of discipline for lawyer professional misconduct, the focus of our inquiry concerns 1) the present moral fitness of the applicant; 2) conduct subsequent to suspension as it relates to moral fitness and professional competence; 3) whether the attorney has engaged in the unauthorized practice of law; and 4) whether the attorney has complied with the rule-mandated requirements for reinstatement. In re Reinstatement of Christopher, 2014 OK 73, Â¶5, 330 P.3d 1221. The PRT's recommendations concerning these matters, while entitled to great weight, are advisory in character and the ultimate decision rests with this Court. In re Reinstatement of Pate, 2008 OK 24, Â¶3, 184 P.3d 528; In re Reinstatement of Floyd, 1989 OK 83, Â¶3, 775 P.2d 815. Rule 11.4, RGDP, provides an applicant seeking reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. In addition, Rule 11.5, RGDP provides as an element in pertinent part:

(c) Whether or not the applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, except that any applicant whose membership in the Association has been suspended or terminated for a period of five (5) years or longer, or who has been disbarred, shall be required to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association. Provided, however, before the applicant shall be required to take and pass the bar examination, he shall have a reasonable opportunity to show by clear and convincing evidence that, notwithstanding his long absence from the practice of law, he has continued to study and thus has kept himself informed as to current developments in the law sufficient to maintain his competency. If the Trial Panel finds that such evidence is insufficient to establish the applicant's competency and learning in the law, it must require the applicant to take and pass the regular bar examination before a finding as to his qualifications shall be made in his favor.

We have held this provision creates a rebuttable presumption that one who has been suspended for five years will not possess sufficient competency in the law to be reinstated, absent an extraordinary showing to that effect. In re Reinstatement of Farrant, 2004 OK 77, Â¶7, 104 P.3d 567. Each application for reinstatement to the OBA must be considered on its own merits. In re Reinstatement of Kerr, 2015 OK 9, Â¶19, 345 P.3d 1118.

ANALYSIS

I. Moral Fitness

Â¶5 Except for her suspension in 1995 for failure to pay dues and complete her CLEs, the Petitioner has never faced disciplinary action. Nine letters were admitted as evidence that strongly supported a finding that Petitioner possessed good moral character.[3] Additionally, the petitioner has engaged in several philanthropic activities fundraising and advocating for cancer research.[4] Testimony at the hearing also supported Petitioner's good moral character.[5] No contrary evidence was presented. The PRT found Petitioner had shown by clear and convincing evidence that she possessed the good moral character to be readmitted to the OBA. After an examination of the record, we agree with this finding.

II. Professional Competence Sufficient for Reinstatement

Â¶6 Rule 11.5, RGDP, requires a petitioner for reinstatement to show they possess the competency and learning in the law required for admission. If they have been suspended or terminated for more than five years, there is a rebuttable presumption they will be required to retake the regular bar examination. In determining competency, our precedent has placed an emphasis on law-related work following suspension. We have also considered other ways a petitioner has kept abreast of the law including the completion of continuing legal education courses and the reading of bar journals.

Â¶7 In In re Reinstatement of Bodnar, this Court noted some of our previous opinions had rejected a finding of competency when the petitioner's preparation had consisted mainly of completing only twelve to twenty-four hours of continuing legal education courses prior to petitioning for reinstatement. 2016 OK 12, Â¶23, 367 P.3d 916. 

Â¶8 By contrast, other opinions have given great weight to a petitioner's work experience and approved reinstatement. In In re Reinstatement of Gill, a lawyer was licensed to practice law in Oklahoma in 1979 and was later suspended for failure to pay dues in 1983. 2016 OK 61, Â¶Â¶ 1, 2, 376 P.3d 200. She was also licensed to practice law in California and did so until 1999. Gill, 2016 OK 61, Â¶1. From 2001 through 2013, she worked for an urban land use planning company. Id. Â¶8. She placed her California bar license on inactive status in 2002, but continued to take continuing legal education courses. Id. Â¶7-8. She was not practicing law for the company, however, her duties included drafting and managing contracts, assisting the management of the company's legal teams and performing work concerning environmental compliance. Id. Â¶8. In 2014, she moved back to Oklahoma and performed clerical and administrative tasks as well as supervised legal research for a law firm. Id. Â¶11-12. The following year she petitioned for reinstatement. Id. Â¶1. Since 2015 she had also completed twenty-four hours of continuing legal education. Id. Â¶14. The PRT recommended reinstatement and this Court agreed finding she possessed the competency and learning in the law required for reinstatement without re-taking the bar examination. Id. Â¶22.

Â¶9 In cases where a Petitioner was unable to show he possessed competency and learning in the law, this Court has allowed reinstatement conditioned on the applicant successfully completing the Oklahoma Bar Exam. In In re Reinstatement of Drain, the petitioner voluntarily left the practice of law and for three years managed a business. 2016 OK 68, Â¶Â¶3-4, 376 P.3d 208. The attorney also worked as a paralegal before requesting reinstatement ten years after leaving the practice of law. Drain, 2016 OK 68, Â¶Â¶5-7. This Court stated that "in order for petitioner to demonstrate his competency and learning in the law, Petitioner must retake and successfully pass the Oklahoma Bar Examination." Id. Â¶14. Similarly, in In re Reinstatement of Duke, the Petitioner resigned from the practice of law for sixteen years pending disciplinary action. 2016 OK 58, Â¶1, 382 P.3d 501. When Petitioner applied for reinstatement, his law-related work experience consisted of writing courses for legal assistant certifications for eight years and work as a paralegal for less than a year. Duke, 2016 OK 58, Â¶3-5. This Court took issue only with the Petitioner's lack of competency and learning in the law. Id. Â¶11. This Court granted reinstatement on the condition that Petitioner successfully complete the Oklahoma Bar Exam. Id.

Â¶10 In the present matter, the Petitioner has taken twenty-one hours of continuing legal education in the previous year.[6] The Trial Panel's Report determined that Petitioner has completed five to six Kaplan bar review modules with three to six hours of lecture per model.[7] Petitioner's work after her license lapsed does not include hands-on supervised legal experience. The Petitioner's relevant work for the past year consists of reviewing contracts and researching news and other states' laws.[8] The Petitioner has not practiced law or engaged in law-related work for 25 years. One year of continued legal education and completing Kaplan bar review modules after 25 years does not display sufficient learning and competence in the law. Especially when the standard requires stronger proof of qualifications than one seeking admission for the first time. Rule 11.4, RDGP.

Â¶11 Rule 11.5, RGDP, states only one restriction that may be imposed on attorneys who do not show the necessary learning and competence in the law -- passage of the Oklahoma Bar Exam. This Court's precedent is consistent with that directive. The PRT recommended that the Petitioner's reinstatement be conditioned upon her successful completion of the Oklahoma Bar Exam. We agree with this recommendation.

III. Unauthorized Practice of Law

Â¶12 Rule 11.1, RGDP provides a mechanism for determining whether a petitioner has engaged in the unauthorized practice of law. Paragraph (a) of the rule requires the petitioner to submit an affidavit, attached to the petition for reinstatement, from each court clerk of the several counties in which she resided after suspension or termination of the right to practice law, establishing the petitioner has not practiced law in their respective courts during that period. Petitioner submitted her affidavit wherein she attests to not having engaged in the unauthorized practice of law since her suspension.[9] She provided an affidavit from Oklahoma County, Oklahoma wherein the Court Clerk attests the Petitioner has not appeared before any judge in the county since her suspension.[10] Jamie Lane, the Investigator for the General Counsel's Office of the Oklahoma Bar Association, testified at the January 24, 2019, PRT hearing. She stated her investigation into whether the petitioner engaged in the unauthorized practice of law found no cause for concern.[11]

Â¶13 The PRT's report found the Petitioner had proven by clear and convincing evidence she has not engaged in the unauthorized practice of law nor has she appeared in court as an attorney of record for any party or in any litigation. We find no evidence to the contrary.

MCLE, BAR DUES, AND APPLICATION TO ASSESS COSTS

Â¶14 An affidavit from the OBA's MCLE Administrator states the Petitioner does not owe any MCLE credit or any MCLE fees.[12] An affidavit from the OBA's Director of Administration states the Petitioner will owe only her current membership dues of two hundred and seventy-five dollars ($275.00) for the year of her reinstatement.[13] The OBA filed an Application to Assess Costs, pursuant to Rule 11.1 (c), RGDP. The application requests the Petitioner pay, on a date certain, the amount of two hundred and fourteen dollars and eighty-nine cents ($214.89) for the expenses related to this investigation. It indicates the Petitioner has already been invoiced directly for the costs of the transcript of the proceedings. On February 26, 2019, the OBA filed a receipt of costs stating all costs in this matter have been paid. The record also reflects no payments have ever been expended from the Clients' Security Fund on the Petitioner's behalf.

CONCLUSION

Â¶15 We hold the Petitioner has demonstrated her moral fitness and that she has not engaged in the unauthorized practice of law, however she has failed to demonstrate her competency and learning of the law by clear and convincing evidence. To demonstrate her competency and learning in the law, Petitioner must retake and successfully pass the Oklahoma Bar Examination. She shall also be required to pay the OBA membership dues and complete the required continuing legal education for the year she passes the bar exam.

Â¶16 Upon the successful completion of the Oklahoma Bar Exam, and payment of membership dues and completion of the required continuing legal education for the year she passes the bar exam, Ruth Brummett Rickey shall be reinstated to membership in the Oklahoma Bar Association and her name shall be added to the roll of attorneys.

REINSTATEMENT GRANTED UPON SUCCESFUL COMPLETION OF
THE CONDITIONS SET OUT IN THIS OPINION

Â¶17 Gurich, C.J., Darby, V.C.J., Edmondson, Colbert and Combs, JJ., concur;

Â¶18 Kauger and Winchester, JJ., dissent.

Â¶19 Kauger, J., with whom Winchester, J., joins, dissenting:

I would reinstate the petitioner instanter.

FOOTNOTES

[1] Four years after Petitioner left the firm, her supervisor resigned pending disciplinary proceedings by the Oklahoma Bar Association for misappropriation of funds and a criminal investigation for misappropriation and embezzlement while serving as a bankruptcy trustee. His twenty-count indictment was negotiated down to a single guilty plea after he restored $105,000 to the bankruptcy estate. He was reinstated in 2009. In re Reinstatement of Mumina, 2009 OK 76, Â¶ 1- 2, 225 P.3d 804.

[2] Exs. 3 & 4, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[3] Exs. 13-20, 22, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[4] Tr. at 26, In re Reinstatement of: Ruth Brummett Rickey (SCBD #6717; Jan. 24, 2019).

[5] Id. at 73-74.

[6] Ex. 9, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[7] Pg 4 Trial Panel Report

[8] Tr. at 72, 79-80, In re Reinstatement of: Ruth Brummett Rickey (SCBD #6717; Jan. 24, 2019).

[9] Ex. 11, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[10] Ex. 10, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[11] Tr. at 92, In re Reinstatement of: Ruth Brummett Rickey (SCBD #6717; Jan. 24, 2019).

[12] Ex. 7, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.

[13] Ex. 5, Jt. Hearing Exhibits, for the PRT hearing held Jan. 24, 2019.