IN THE MATTER OF THE REINSTATEMENT OF WORK



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF WORK

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF WORK
2021 OK 18
Case Number: SCBD-6924
Decided: 04/13/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 18, __ P.3d __

 

 

IN THE MATTER OF THE REINSTATEMENT OF: GLEN L. WORK TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

ORIGINAL PROCEEDING FOR RULE 11 BAR REINSTATEMENT

¶0 Petitioner, Glen L. Work, filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Professional Responsibility Tribunal unanimously recommended that Petitioner should be reinstated. The Oklahoma Bar Association does not oppose Petitioner's reinstatement. Upon review, we hold that Petitioner should be reinstated.

PETITION FOR REINSTATEMENT GRANTED

Glen L. Work, Gilbert, Arizona, Petitioner/Pro se.

Peter Haddock, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

ROWE, J:

¶1 Petitioner, Glen L. Work, seeks reinstatement as a member of the Oklahoma Bar Association ("OBA") pursuant to Rule 11, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2011 ch. 1, app. 1-A. Petitioner graduated from the University of Tulsa College of Law in May 2009. Prior to graduation, Petitioner accepted a job offer to work for a firm in Dallas, Texas. Accordingly, Petitioner registered to take the Texas Bar Exam. In late February 2009, however, the firm he planned to work for rescinded his job offer. Nevertheless, in July 2009, Petitioner sat for and passed the Texas Bar Exam. On November 6, 2009, he was admitted to the State Bar of Texas.

¶2 Petitioner practiced briefly in Texas before accepting a position at a firm in Tulsa in December 2009. In February 2010, Petitioner sat for and passed the Oklahoma Bar Exam. On April 22, 2010, Petitioner was admitted to the Oklahoma Bar Association, and his name was entered on the Roll of Attorneys. Petitioner practiced in Oklahoma for approximately one year before returning to Texas. Petitioner concluded any remaining legal work in Oklahoma by August 2011.

¶3 Petitioner maintained good standing with the Oklahoma Bar Association until June 16, 2014, when he was suspended for failure to pay his dues. On June 22, 2015, Petitioner was stricken from the Roll of Attorneys for the same reason. Despite the loss of his Oklahoma license, Petitioner maintained his membership in the State Bar of Texas and continued to practice in Texas.

¶4 In March 2018, Petitioner was personally served with notice of two complaints that had been filed against him with the State Bar of Texas. Petitioner was directed to furnish a written response to both complaints within thirty days. Petitioner failed to provide a timely response to either complaint. On October 9, 2019, an Evidentiary Panel appointed by the Grievance Committee of the State Bar of Texas entered an agreed judgment subjecting Petitioner to a private reprimand. Petitioner is presently an active member in good standing with the State Bar of Texas.

¶5 Petitioner filed his Petition for Reinstatement on May 11, 2020. On November 19, 2020, the Professional Responsibility Tribunal ("PRT") held a hearing on the Petition for Reinstatement. Petitioner testified at the hearing and presented the testimony of three character witnesses: the Honorable Jefferson Sellers, active retired Oklahoma District Judge; April Fox, Associate Dean and Director of Admissions at the University of Tulsa College of Law; and Charles Sullivan, District Attorney for District 18 in Pittsburgh and Haskell Counties. The OBA presented the testimony of its investigator, Kurt Stoner.

¶6 On December 29, 2020, the PRT issued its unanimous[1] report and recommendation. The PRT found by clear and convincing evidence that Petitioner possessed good moral character, that he had not engaged in any unauthorized practice of law in Oklahoma, and that he should be reinstated upon the completion of any continuing legal education requirements.

STANDARD OF REVIEW

¶7 This Court maintains a nondelegable, constitutional obligation to regulate both the practice of law and the ethics, licensure, and discipline of Oklahoma practitioners. In re Reinstatement of Rickey, 2019 OK 36, ¶4, 442 P.3d 571, 574; In re Reinstatement of Kerr, 2015 OK 9, ¶6, 345 P.3d 1118, 1121. Although the findings of the PRT are given great weight, its findings are not binding on this Court, and its recommendation is merely advisory. Rickey, 2019 OK 36, ¶4, 442 P.3d at 574. We review the record de novo. Id.; Rule 6.15, RGDP, 5 O.S.2011 ch. 1, app. 1-A.

¶8 An applicant for readmission bears the burden of proving by clear and convincing evidence that, if readmitted, his conduct will conform to the high standards required of members of the bar. Rule 11.4, RGDP. An applicant seeking reinstatement must present stronger proof of qualifications than one seeking admission for the first time. Id. In instances such as this one, which involve no prior imposition of discipline, we focus our inquiry on four primary concerns: (1) whether the applicant possesses good moral character, (2) whether he has engaged in any unauthorized practice of law in Oklahoma, (3) whether he has demonstrated sufficient competency to practice law, and (4) whether he has complied with any other requirements for reinstatement. See Rickey, 2019 OK 36, ¶4, 442 P.3d at 574; In re Reinstatement of Christopher, 2014 OK 73, ¶5, 330 P.3d 1221, 1223.

DISCUSSION

¶9 We analyze Petitioner's request for reinstatement in relation to the four questions posed above regarding his present moral fitness, instances of unauthorized practice, his professional competence, and his compliance with other requirements for reinstatement.

I. Moral Fitness

¶10 Aside from his suspension for failure to pay dues, Petitioner has never faced disciplinary action by the OBA. Prior to his suspension, he maintained good standing with the OBA for approximately four years. Petitioner has, however, faced discipline in the form of a private reprimand from the State Bar of Texas. In that proceeding, the Evidentiary Panel determined that Petitioner violated Rules 1.14(b)[2] and 8.04(a)(8)[3] of the Texas Disciplinary Rules of Professional Conduct. The private reprimand was apparently imposed in response to two admitted failures on Petitioner's behalf, one being his failure to promptly return unearned fees to a client, and the other being his failure to promptly respond to the complaints filed against him.

¶11 While the instances of misconduct which prompted the disciplinary action by the State Bar of Texas are troubling, they seem to be isolated incidents and not reflective of Petitioner's character. Petitioner ultimately refunded the unearned fees to the client in question, and the client did not appear to suffer any additional harm as a result of Petitioner's actions. Furthermore, Kurt Stoner, the OBA Investigator, testified at the hearing that Petitioner was very forthcoming and cooperative with the investigation into his application for reinstatement.

¶12 Petitioner testified at the hearing that the misconduct which prompted the disciplinary action in Texas was the result of a tumultuous time in his personal life and subsequent mental health issues. Specifically, Petitioner stated that he had experienced a separation and divorce from his wife and the loss of his father in short succession, which resulted in lingering symptoms of anxiety and depression. Petitioner further testified that he sought and continues to undergo treatment and take medication to control these symptoms.

¶13 Finally, Petitioner presented testimony from three character witnesses at the hearing that expressed no reservations as to his present moral fitness to practice law. Accordingly, we find that Petitioner has demonstrated by clear and convincing evidence the good moral character necessary for readmission to the Oklahoma Bar Association.

II. Unauthorized Practice of Law

¶14 During his investigation of Petitioner's application for reinstatement, Mr. Stoner reviewed various state and federal dockets and databases for evidence that Petitioner engaged in the unauthorized practice of law. Mr. Stoner testified that his investigation produced no evidence that Petitioner engaged in the unauthorized practice of law in Oklahoma after his license was suspended.

¶15 Rule 11.1, RGDP, requires that an applicant seeking readmission submit affidavits from the court clerks in each county in which the applicant has resided since his suspension, establishing that the applicant has not engaged in the unauthorized practice of law in their respective courts. At the time his Oklahoma license was suspended in 2014, Petitioner was already residing in Texas and has not since resided in Oklahoma. Petitioner submitted an affidavit to that effect. Based on the foregoing, we find by clear and convincing evidence that Petitioner has not engaged in the unauthorized practice of law in Oklahoma.

III. Professional Competence

¶16 Rule 11.5(c), RGDP, requires that all applicants for reinstatement demonstrate sufficient competency and learning in the law. An applicant who has been suspended for a period of five years or longer must demonstrate such competence by taking and passing the Oklahoma Bar Exam. However, before being subjected to another Bar Exam, said applicant will be given a reasonable opportunity to show by clear and convincing evidence that, notwithstanding his long absence from the practice of law, he has taken sufficient steps to maintain his competency in the law.

¶17 Petitioner's license to practice in Oklahoma was suspended on June 16, 2014, nearly seven years ago. According to the affidavit of Beverly Lewis, MCLE Administrator for the Oklahoma Bar Association, Petitioner was in compliance with MCLE requirements at the time his license was suspended. Despite having his Oklahoma license suspended, Petitioner remained in good standing with the State Bar of Texas, where he continued to practice. In order to maintain his good standing in Texas, Petitioner had to comply with the minimum continuing legal education ("MCLE") requirements, which include fifteen CLE credit hours, three of which must be devoted to legal ethics and professionalism. As part of his application for reinstatement, Petitioner presented MCLE compliance reports from the State Bar of Texas for 2014 through 2020, indicating he met and often exceeded these requirements each year.

¶18 Based on the foregoing, we find that Petitioner has shown by clear and convincing evidence that he has taken sufficient steps to maintain his competency and learning in the law. Accordingly, Petitioner is not required to take and pass the Oklahoma Bar Exam to be eligible for reinstatement.

IV. Other Requirements for Reinstatement

¶19 Petitioner has complied with all other requirements of reinstatement and otherwise demonstrated his eligibility for reinstatement. According to the affidavit of Craig Combs, Director of Administration for the Oklahoma Bar Association, Petitioner has already paid all delinquent dues and fees incurred during the period of his suspension, totaling $1,275.00. On January 12, 2021, the OBA filed an application to assess the costs of the reinstatement proceedings, totaling $790.85, to Petitioner. On January 25, 2021, the OBA filed a Receipt of Costs indicating Petitioner paid all costs incurred during his reinstatement proceedings.

CONCLUSION

¶20 Petitioner has demonstrated by clear and convincing evidence his eligibility for reinstatement without examination. Prior to reinstatement, Petitioner is required to pay the current year's (2021) OBA membership dues in the amount of $275.00. Upon reinstatement, Petitioner is required to complete MCLE requirements for 2021.

PETITION FOR REINSTATEMENT GRANTED

Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, and Gurich, JJ., concur; Combs, J., not participating.

FOOTNOTES

[1] At the hearing on the Petition for Reinstatement, only two of the three-member panel were in attendance. Accordingly, the PRT's Report reflects the findings of the two members in attendance. Rule 6.6, RGDP, provides, "Two of the three Masters shall constitute a quorum for the purposes of conducting hearings, ruling on and receiving evidence, and rendering Findings of Fact and Conclusions of Law."

[2] Rule 1.14(b) of the Texas Disciplinary Rules of Professional Conduct relates to the Safekeeping of Property and states:

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

[3] Rule 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct states:

A lawyer shall not [. . .] fail to timely furnish to the Chief Disciplinary Counsels office or district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, unless he or she in good faith timely asserts a privilege or other legal ground for failure to do so [. . . .]






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2014 OK 73, 330 P.3d 1221, IN THE MATTER OF THE REINSTATEMENT OF CHRISTOPHER
Discussed
 2015 OK 9, 345 P.3d 1118, IN THE MATTER OF THE REINSTATEMENT OF KERR
Discussed
 2019 OK 36, 442 P.3d 571, IN THE MATTER OF THE REINSTATEMENT OF RICKEY
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA