OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF BRIAN KEITH MELTON

 

 
 IN THE MATTER OF THE REINSTATEMENT OF BRIAN KEITH MELTON2026 OK 33Case Number: SCBD-7965Decided: 05/05/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 33, __ P.3d __

 

IN THE MATTER OF THE REINSTATEMENT OF: BRIAN KEITH MELTON TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

ORIGINAL PROCEEDING FOR RULE 11 REINSTATEMENT

¶0 Petitioner Brian Keith Melton filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Professional Responsibility Tribunal unanimously recommended that Petitioner be reinstated. The Oklahoma Bar Association does not oppose Petitioner's Reinstatement. Upon review, we hold that Petitioner should be reinstated.

PETITION FOR REINSTATEMENT GRANTED. 

Brian Keith Melton, Tulsa, Oklahoma, Petitioner/pro se.

Jamie D. Jagosh, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

KUEHN, V.C.J.:

I. BACKGROUND

¶1 Petitioner Brian Keith Melton seeks reinstatement as a member of the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app. 1-A. Petitioner graduated from Tulsa University College of Law in 2014. Petitioner passed the Oklahoma Bar Exam in Summer 2014 and was admitted to the OBA on September 24, 2014.

¶2 Petitioner practiced law in the State of Oklahoma from September 2014 until January 2018. On June 25, 2018, Petitioner was admitted to the Colorado Bar Association. Petitioner practiced law in the State of Colorado from June 2018 to present.

¶3 On February 24, 2020, Petitioner voluntarily resigned his OBA membership in good standing. Petitioner has not been terminated, suspended, or disbarred from the OBA nor any other state or federal bar. Further, Petitioner has not resigned pending any investigation or disciplinary proceedings from the OBA or any other state or federal bar within the past five years.

¶4 Petitioner is presently an active member in good standing with the Colorado Bar Association. In December of 2022, Petitioner moved back to Tulsa, Oklahoma. Petitioner maintains an ongoing of counsel relationship with a Colorado firm, Drexler Law Group.

¶5 On October 3, 2025, Petitioner filed his Petition for Reinstatement. On February 3, 2026, the Professional Responsibility Tribunal (PRT) held a hearing on the Petition. Petitioner testified at the hearing and presented the testimony of seven character witnesses. The OBA presented testimony of its investigator, Krystal Willis.

¶6 On February 20, 2026, the PRT issued its report and recommendation. The PRT found by clear and convincing evidence that Petitioner possesses the competency and learning in the law required for admission to practice. Petitioner has continued to study and practice law with skill in Colorado and since filing the petition for reinstatement has dedicated effort to studying developments in Oklahoma law. Additionally, the PRT found Petitioner has, by clear and convincing evidence, presented proof of qualifications exceeding those required at initial bar admission; Petitioner has demonstrated he possesses good moral character sufficient to entitle him to be admitted to the OBA; and Petitioner has shown he has not engaged in the unauthorized practice of law since he resigned from the OBA. The PRT unanimously recommended Petitioner be reinstated to the OBA.

II. STANDARD OF REVIEW

¶7 This Court maintains a nondelegable, constitutional obligation to regulate the practice of law as well as the ethics, licensure, and discipline of Oklahoma practitioners. In re Reinstatement of Rickey, 2019 OK 36442 P.3d 571In re Restatement of Kerr, 2015 OK 9Rickey, 2019 OK 36de novo. Id.; Rule 6.15, RGDP.

¶8 Applicants seeking readmission bear the burden of proving by clear and convincing evidence that, if readmitted, their conduct will conform to the high standards required of members of the bar. Rule 11.4, RGDP. An applicant seeking reinstatement must present stronger proof of qualifications than when seeking admission for the first time. Id. In instances such as this one, which involve no prior imposition of discipline, we focus our inquiry on four questions: (1) whether the applicant possesses good moral character; (2) whether he has engaged in any unauthorized practice of law in Oklahoma; (3) whether he has demonstrated sufficient competency to practice law; and (4) whether he has complied with any other requirements for reinstatement. See Rickey, 2019 OK 36In re Reinstatement of Gill, 2016 OK 61376 P.3d 200

III. DISCUSSION 

¶9 We analyze Petitioner's request for reinstatement in relation to the four questions posed above regarding his present moral fitness, instances of unauthorized practice, his professional competence, and his compliance with other requirements for reinstatement.

A. Moral Fitness

¶10 Petitioner has never faced disciplinary action by the OBA or the Colorado Bar Association. Petitioner has practiced for approximately eleven years after graduating law school and maintained good standing with the OBA until his resignation in 2020. According to his own testimony and testimony on behalf of the OBA, Petitioner does not have a history of prior discipline or unethical behavior and has remained in good standing with the Colorado Bar Association.

¶11 Petitioner submitted eleven letters of support and recommendation to the OBA attesting to his good moral character. Additionally, Petitioner presented the testimony of seven character witnesses at his hearing before the PRT.

¶12 Each of Petitioner's witnesses testified that they believe Petitioner to be a competent and ethical attorney. Adam Weitzel, Petitioner's current employer, described Petitioner as a highly moral and ethical person who never crosses an ethical line. Petitioner's former managing partner, Matthew Drexler, similarly testified that Petitioner is the attorney he points others to when ethics questions arise. Ian Kalmanowitz, Petitioner's occasional opposing counsel, testified to Petitioner's professional demeanor and transparency in adversarial matters. Furthermore, Petitioner's personal references, including Dr. Carl Nechtman, a college friend, and Ephriam Alajaji, a law school classmate, testified to Petitioner's longstanding moral character and personal integrity.

¶13 On review, we find Petitioner has demonstrated by clear and convincing evidence that he possesses the good moral character necessary for reinstatement. Several employers, supervising attorneys, and colleagues were willing to testify to his trustworthiness and general character. Moreover, Petitioner does not have a history of prior discipline or unethical behavior.

B. Unauthorized Practice of Law

¶14 Pursuant to Rule 11.5(b), RGDP, Petitioner is required to prove that during the period of his resignation from the Oklahoma Bar Association, he did not engage in the unauthorized practice of law. Rule 11.1(a)(2), RGDP, requires that an applicant seeking readmission submit affidavits from the court clerks of each county in which the applicant has resided since their resignation, establishing that the applicant has not engaged in the unauthorized practice of law in their respective courts.

¶15 Petitioner submitted an affidavit from the Tulsa County Court Clerk stating that a search of their court records revealed no evidence that Petitioner practiced law in Oklahoma since his resignation. Additionally, Ms. Willis testified that based on her investigation, Petitioner has not been involved in the unauthorized practice of law in Tulsa County. Based on the foregoing, we find by clear and convincing evidence that Petitioner has not engaged in the unauthorized practice of law in Oklahoma.

C. Professional Competence

¶16 As required by Rule 11.5(c), an applicant for reinstatement is required to demonstrate sufficient competency and learning in the law. If an applicant's license to practice has been inactive for five years or more, there is a rebuttable presumption that he will be required to take and pass the bar examination to demonstrate sufficient competency. Rule 11.5(c), RGDP; Rickey, 2019 OK 36In re Reinstatement of Duke, 2016 OK 58382 P.3d 501

¶17 Petitioner resigned from the OBA on February 24, 2020. According to the affidavit of Beverly Petry, MCLE Administrator for the OBA, Petitioner was in compliance with MCLE requirements at the time he voluntarily resigned. Additionally, the Colorado Supreme Court certification confirms that Petitioner continues to be an active member in good standing with the Colorado Bar Association. Ms. Willis testified that Petitioner has maintained good standing with the Colorado Bar Association since he was admitted in 2018. This includes compliance with the State of Colorado's continuing legal education requirements, as well as the completion of six and a half hours of Oklahoma continuing legal education as part of his efforts toward reinstatement.

¶18 Petitioner asserts that he has over eleven years of experience as a practicing attorney in the areas of commercial litigation, transactional law, employment law, personal injury, domestic relations, and criminal defense. Petitioner has consistently maintained good standing with each respective bar association where he has practiced. Ms. Willis testified that the OBA's investigation revealed that Petitioner has never been the subject of any disciplinary proceeding in Oklahoma or Colorado.

¶19 Based on the foregoing, we find Petitioner has shown by clear and convincing evidence that he has taken sufficient steps to maintain his competency and learning in the law. Accordingly, Petitioner is not required to take and pass the Oklahoma Bar Examination to be eligible for reinstatement.

D. Other Requirements for Reinstatement

¶20 Petitioner has complied with all other requirements for reinstatement and otherwise demonstrated his ability for reinstatement. Petitioner was in compliance with MCLE requirements at the time he voluntarily resigned. Additionally, according to the affidavit of Chris Brumit, Director of Administration for the Oklahoma Bar Association, Petitioner is in good standing and will only owe this current year's dues upon reinstatement.

IV. Conclusion

¶21 This Court finds that Petitioner has demonstrated by clear and convincing evidence that he possessed good moral character, has not engaged in the unauthorized practice of law, and that he possesses the competence and learnings in the law necessary for reinstatement. Accordingly, Petitioner's reinstatement is granted.

¶22 IT IS THEREFORE ORDERED that Brian Keith Melton be reinstated to membership in the Oklahoma Bar Association and Respondent's name restored to the Roll of Attorneys upon payment of cost of these proceedings and this current year's dues.

¶23 IT IS FURTHER ORDERED that Petitioner pay the cost of these proceedings pursuant to Rule 11.1(c), RGDP, in the amount of $189.33 within thirty (30) days of the effective date of this Opinion.

PETITION FOR REINSTATEMENT GRANTED

ALL JUSTICES CONCUR.